**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

2/18/15

**DORIAN E. RAMIREZ, CLERK**
BY DTello

ACCEPTED
13-14-00201-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/18/2015 4:01:27 PM
DORIAN RAMIREZ
CLERK

IN THE COURT OF APPEALS
FOR THE THIRTEENTH
DISTRICT OF TEXAS
CAUSE NO. 13-14-00201-CR

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/18/2015 4:01:27 PM
DORIAN E. RAMIREZ
Clerk

ON DIRECT APPEAL FROM:

IN THE DISTRICT COURT OF
THE 107TH JUDICIAL DISTRICT IN
CAMERON COUNTY, TEXAS

CAUSE NO. 2012-DCR-02626

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| Vs. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| JOANNA GONZALEZ | § | CAMERON COUNTY, TEXAS |

\* \* \* \* \* \* \* \* \* \*
**APPELLANT'S BRIEF**
\* \* \* \* \* \* \* \* \* \*

**By:**

Larry Warner,
Counsel for Appellant
3109 Banyan Circle
Harlingen,Tx 78550
Phone  956 230 0361;
Fax 866 408 1968
Tex.State Bar# 20871500
Usdc,Stdx# 1230
office@larrywarner.com
website: larrywarner.com
Member, Bar of the Supreme Court
of the United States(1984)
Board Certified, Criminal Law
Texas    Board    of    Legal
Specialization(1983)

**APPELLANT REQUESTS ORAL ARGUMENT,
PURSUANT TO TEX.R.APP.PROC.39.7**

*Pursuant to Tex.R.App.Proc.38.1(a),Appellant provides the following identity of parties and counsel:*

## PARTIES AND INTERESTED PERSONS

1. Joanna Gonzalez, Appellant.

2. Hon. Peter C. Gilman, State Bar No. 07952500, Assistant District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849. PROSECUTING ATTORNEY AT TRIAL

3. Hon. Gabriela Martinez, State Bar No. 24062873, Assistant District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849. PROSECUTING ATTORNEY AT TRIAL

4. Hon. Luis V. Saenz, State Bar No. 17514880, District Attorney, District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849. PROSECUTING ATTORNEY AT TRIAL AND ON APPEAL

5. Hon. Raynaldo Rodriguez, Jr., State Bar No. 24046745, Attorney at Law, 1000 East Van Buren, Brownsville, Texas 78520, Phone (956) 778-8445 DEFENSE ATTORNEY AT TRIAL

6. HON. LARRY WARNER, State Bar No. 20871500, Law Office of Larry Warner, 3109 Banyan Circle, Harlingen, TX 78550. Phone (956) 230-0361. DEFENSE ATTORNEY ON APPEAL

*Pursuant to Tex.R.App.Proc.38.1(b,Appellant provides the following table of contents:*

# TABLE OF CONTENTS

                                                    PAGE

IDENTITY OF PARTIES...................................2

TABLE OF CONTENTS....................................3

TABLE OF AUTHORITIES................................4

STATEMENT OF CASE...................................5

ISSUES PRESENTED....................................6

   1.   Did Young Woman (Ms. Joanna Gonzalez) prove her

       defense of duress by a preponderance of the

       evidence?

STATEMENT OF FACTS..................................7

SUMMARY OF ARGUMENT.............................8-10

ARGUMENT.......................................11-23

CONCLUSION AND REQUEST FOR RELIEF...................24

CERTIFICATE OF SERVICE..............................25

CERTIFICATE OF COMPLIANCE..........................25

*Pursuant to Tex.R.App.Proc.38.1(c),Appellant provides the following index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited:*

## INDEX OF AUTHORITIES

**CASES**                                                                 PAGES
**Belt v. State**,485 S.W.2d39,42hn2(Ga.App.1997,no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22
**Commonwealth v. Bullock**, 590 Pa. 480, 913 A.2d 207, 212-13 (2006) . . . . . . . . . . . . . . . . . . . . .   15
**Commonwealth v. Reffitt** (1912) 149 Ky 300, 148 SW 48, 42 LRA NS 329 . . . . . . . . . . . . . . . . . . . .   16
**Hernandez v. State**,191S.W.3d370(Tex.App.-Waco 2006)   14
**Jackson v. Virginia**,443 U.S.307(1979) . . . . . . .   22
**Lawrence v. State**,240 S.W.3d 912,917 hn12 fn24(Tex.Crim.App.2007) . . . . . . . . . . . . . . . .   15
**People v. Dupree**, 284 Mich. App. 89, 771 N.W.2d 470 (2009), aff'd, 486 Mich. 693, 788 N.W.2d 399 (2010)   15
**People v. Keating**,174Cal.Rptr.286(Cal.App.[1st Dist. {4th Div.}]1981,no pet.) . . . . . . . . . . . . . . 22-23
**Rex v. Crutchley** (1831) 5 Car & P 133, 172 Eng Reprint 909 . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-18
**Rice v. State** (App. 6 Dist. 1995) 893 S.W.2d 734, rehearing overruled, petition for discretionary review refused . . . . . . . . . . . . . . . . . . . . . . . . . . .   14
**State Bank of Commerce v. U.S.Fidelity**,28 S.W.2d 184 (Tex.Civ.App.-Texarkana 1930)[internal quotations unchanged] . . . . . . . . . . . . . . . . . . . . . . .   15


CODES:

V.T.C.A., Penal Code § 8.05 . . . . . . . . . . 12-15
http://law2.umkc.edu/faculty/projects/ftrials/zenger/ze ngerrecord.html(accessed February 2, 2015) . . . .   18

*Pursuant to Tex.R.App.P.38.1(a), Appellant provides the following statement of the case, stating concisely the nature of the case, the course of the proceedings, and the trial court's disposition of the case:*

## STATEMENT OF THE CASE

The defendant was charged by indictment with illegal possession of a firearm.

She pleaded not guilty.

She tried the issue of guilt or innocence to a jury.

She testified in her own behalf and averred duress, saying that she had had the gun at the instance of her boyfriend, who threatened her to get her to say it was her gun.

The jury found her guilty.

The judge rejected her application for probation and sentenced her to confinement in the penitentiary.

*Pursuant to Tex.R.App.Proc.38.1(e), Appellant presents this statement of issues presented:*

### *ISSUES PRESENTED*

1.  Did Young Woman (Ms. Joanna Gonzalez) prove her defense of duress by a preponderance of the evidence?

*Pursuant to Tex.R.App.Proc.38.1(f), Appellant provides the following statement of facts stating concisely without argument the facts pertinent to the issues of points presented:*

### STATEMENT OF FACTS

1. Did Young Woman (Ms. Joanna Gonzalez) prove her defense of duress by a preponderance of the evidence?

Young woman testified that boyfriend threatened to kill her if she did not take possession of the firearm and the drugs and that was why she had possession of the firearm and the drugs.

> "Q. (BY MR. RODRIGUEZ) Okay. So he told you this and he threatened your life; is that correct?
> A.[BY JOANNA GONZALEZ] Yes.
> Q. Did you feel he was capable of actually harming you?
> A. He is. He's a gang member from the Texas Syndicate.
> Q. As a matter of fact, you told that to the officers, correct?
> A. I told that to the officers. I went to the D.A.'s office. I've been everywhere to inform them that I'm afraid of my life.
> Q. What did you do after that? When he told you to do this, what did you do?
> A. Well, I grabbed the stuff and I did what he asked me to." (2012-DCR-2626, Court Reporter's Record, Volume 7, Page 217).

*Pursuant to Tex. R. App. Proc. 38.1(g), Appellant provides the following summary of the argument which he hopes the Court will find to be a succinct and accurate statement of the argument made in the body of the brief not merely a repetition of the issues or points presented for review:*

## SUMMARY OF ARGUMENT

A rational jury could not have found against the defendant on the issue of duress, an affirmative defense.

Duress is an affirmative defense. On an affirmative defense, the defendant must introduce evidence and prove the defense by a preponderance of the evidence. One party may adopt the evidence of another or of an opposing party.

The State's own Magistrate believed Defendant's fear and acted upon that belief and issued a protective order. The State's own officer, Officer Camacho, testified that the victim of domestic violence was under duress. The very prosecutor who prosecuted Young Woman, Ms. Gonzalez, had believed Ms. Gonzalez and had therefore prosecuted the boyfriend for aggravated assault on Ms. Gonzalez. The boyfriend had admitted

that he committed the aggravated assault on Ms. Gonzalez. A state judge had accepted the admission and had sentenced the boyfriend to the penitentiary. The defendant said that the boyfriend had threatened her if she did not say that the gun and the drugs were hers.

A rational jury could not have found against the defendant on the issue of duress, an affirmative defense.

To find against the defendant on duress, the jury would have had to have rejected the evidence that the boyfriend confessed to assaulting Ms. Gonzalez, the Judge believed the boyfriend's confession, another judicial official believed Ms. Gonzalez when she asked for a protective order and issued a protective order against the boyfriend, as well as rejecting the testimony of Officer Camacho that a victim of domestic violence was under duress.

Officer Camacho and the two state Judges were disinterested witnesses. It would be unreasonable to reject their testimony.

As anticipatory rebuttal, this is not attempt to

return to the factual sufficiency review which we employed from 1997 for twenty years or more; that is a separate question. It is an assertion that the jury were simply unreasonable, irrational in rejecting the evidence from three disinterested state witnesses.

The Court of Appeals should find the verdict irrational and acquit appellant.

Alternatively, it should take the courageous step of using this case as an example of why we should return to the use of a review of the factual sufficiency of the evidence. Counsel may properly argue for a modification of existing law.

*Pursuant to Tex. R. App. Proc. 38.1(h), Appellant provides the following argument or the contentions made, with appropriate citations to the authorities and to the record:*

### *ARGUMENT*

Could a rational jury have found against Young Woman on the issue of duress?

Did Young Woman (Ms. Gonzalez) prove duress by a preponderance of the evidence?

A rational jury could not have found against the defendant on the issue of duress, an affirmative defense.

To find against the defendant on duress, the jury would have had to have rejected the evidence that the boyfriend confessed to assaulting Ms. Gonzalez, the Judge believed the boyfriend's confession, another judicial official believed Ms. Gonzalez when she asked for a protective order and issued a protective order against the boyfriend, as well as rejecting the testimony of Officer Camacho that a victim of domestic violence was under duress.

Officer Camacho and the two state Judges were disinterested witnesses. It would be unreasonable to

reject their testimony.

As anticipatory rebuttal, this is not attempt to return to the factual sufficiency review which we employed from 1997 for twenty years or more; that is a separate question. It is an assertion that the jury were simply unreasonable, irrational in rejecting the evidence from three disinterested state witnesses.

The Court of Appeals should find the verdict irrational and acquit appellant.

Alternatively, it should take the courageous step of using this case as an example of why we should return to the use of a review of the factual sufficiency of the evidence. Counsel may properly argue for a modification of existing law.

Two provisions of the Penal Code are apposite:

> V.T.C.A., Penal Code § 8.05
> § 8.05. Duress Currentness
> > (a) It is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another.
> > (b) In a prosecution for an offense that does not constitute a felony, it is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was

compelled to do so by force or threat of force.

(c) Compulsion within the meaning of this section exists only if the force or threat of force would render a person of reasonable firmness incapable of resisting the pressure.

(d) The defense provided by this section is unavailable if the actor intentionally, knowingly, or recklessly placed himself in a situation in which it was probable that he would be subjected to compulsion.

(e) It is no defense that a person acted at the command or persuasion of his spouse, unless he acted under compulsion that would establish a defense under this section.

Credits

Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994.

Notes of Decisions (92) And V.T.C.A., Penal Code § 2.04 § 2.04. Affirmative Defense

Currentness

(a) An affirmative defense in this code is so labeled by the phrase: "It is an affirmative defense to prosecution . . . ."

(b) The prosecuting attorney is not required to negate the existence of an affirmative defense in the accusation charging commission of the offense.

(c) The issue of the existence of an affirmative defense is not submitted to the jury unless evidence is admitted supporting the defense.

(d) If the issue of the existence of an affirmative defense is submitted to the jury, the court shall charge that the defendant must prove the affirmative defense by a preponderance of evidence.

Credits

Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974. Amended by Acts 1993, 73rd

Leg., ch. 900, § 1.01, eff. Sept. 1, 1994.
Notes of Decisions (48)

The trial court correctly submitted an instruction on duress to the jury. Evidence that defendant killed victim while acting under fear engendered by third person's threats that she would kill him if he did not kill victim was sufficient to support charge to jury on affirmative defense of duress. **Rice v. State** (App. 6 Dist. 1995) 893 S.W.2d 734, rehearing overruled, petition for discretionary review refused.

The trial judge was correct to submit the issue to the jury in Young Woman's case because she testified that there was imminent danger of death or serious bodily injury to her from her boyfriend if she did not "take the rap" for him; it was his gun, not hers. Testimony of a defendant that his possession of contraband was under duress is admissible. **Hernandez v. State**,191S.W.3d370(Tex.App.–Waco 2006)

The evidence showed by a preponderance of the evidence that the force or threat of force would render a person of reasonable firmness incapable of resisting the

pressure. TEX.PEN.CODE 8.05( c)

   Texas courts may consider the opinions of other common-law  jurisdictions. The Court of Appeals may rely upon opinions of other jurisdictions. "Numerous decisions of other appellate courts, including Texas courts of appeals and courts of other jurisdictions, are in accord with our holdings...."**Lawrence v. State**,240 S.W.3d 912,917 hn12 fn24(Tex.Crim.App.2007)

   The defense of duress is applicable to a charge of being a felon-in-possession. (Per M.J. Kelly, J., with one judge concurring.) M.C.L.A. § 750.224f. **People v. Dupree**, 284 Mich. App. 89, 771 N.W.2d 470 (2009), aff'd, 486 Mich. 693, 788 N.W.2d 399 (2010). **Commonwealth v. Bullock**, 590 Pa. 480, 913 A.2d 207, 212-13 (2006)

   Texas Courts may rely on decisions of courts of England interpreting the common law of England, which the Republic of Texas adopted effective 1841:

    "In 1840 the Legislature [Congress] of Texas enacted

    the following statute:

    "The common law of England, so far as it is not

inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature." Article 1, Rev. Civ. Statutes 1925.***Since the adoption of the common law the courts of this state have adhered to the decisions of the English courts with as much strictness as the courts of the other states who have the common law, not by adoption, but by inheritance, so to speak."" **State Bank of Commerce v. U.S.Fidelity**,28 S.W.2d 184(Tex.Civ.App.-Texarkana 1930)[internal quotations unchanged]

The Court may acquit the defendant if the defense of duress is established by a preponderance of the evidence. Thus, in **Commonwealth v. Reffitt** (1912) 149 Ky 300, 148 SW 48, 42 LRA NS 329, defendant, accused of selling pooled tobacco in violation of a statute, admitted signing the pooling contract but alleged that he was compelled to do so under the belief that his failure or refusal to do so would result in his suffering bodily harm or property destruction at the hands of night riders who were then terrorizing the tobacco-growing belt. The court, affirming acquittal of defendant, relied entirely upon civil cases and held that an instruction to the jury defining the term

"duress" as such violence or threats as were calculated to operate on a person of ordinary firmness and inspire a just fear of great injury to person, reputation, or property was correct, and fairly and fully covered the law of the case. In so holding, the court commented that a strong case in favor of defendant had been presented, since here the fear which induced the making of the contract was not alone the loss of property, but of physical punishment as well. The court further stated that defendant's testimony that he was warned by several persons that he would be in danger if he did not pool was competent evidence tending to show not the truth or falsity of reported outrages committed by the night riders, but the fact that it was currently reported that such outrages had been committed, since the object of all such evidence was to show that defendant had not voluntarily signed the contract pooling his tobacco, but had done so only under duress.

And in **Rex v. Crutchley** (1831) 5 Car & P 133, 172 Eng Reprint 909, defendant was held not guilty of the charge of destroying a threshing machine where it

appeared that the mob which broke the machine had compelled defendant as well as others to join them and strike the machine with a sledge hammer, and that before defendant had gone very far with the mob, he decided to run away from them at the first opportunity and subsequently succeeded in doing so. **Crutcher** was part of the "common law of England" adopted by the Republic of Texas, effective 1841. Although Crutcher is a *trial* rather than an appellate opinion, it occupies the same place in jurisprudence as the *trial* of John Peter Zenger, who was acquitted as well.

> "The Verdict
> The jury withdrew to begin deliberations, but quickly returned with their verdict. Asked by the clerk whether John Peter Zenger was guilty of printing and publishing the libels in the information, Thomas Hunt, the jury formean replied: "Not guilty."
>
> Zenger wrote that with those two words "there were three huzzas in the hall, which was crowded with people; and the next day I was discharged from my imprisonment."http://law2.umkc.edu/faculty/projects/ftrials/zenger/zengerrecord.html(accessed February 2, 2015)

It was uncontroverted that the same state which prosecuted Joanna Gonzalez, who said her boyfriend had assaulted her and that is why she held the gun and the drugs, had prosecuted that very boyfriend for that very assault.

> "The abrasions, the bruises, the bleeding, the complaining of pain, the nervousness, the fearfulness, crying, being afraid, everything is in here in her report.
> This is in her report. As a matter of fact, what do they use this report for? What do they use this report for?
> This report was instrumental. Her police work was instrumental in one thing: Sending the case to the D.A.'s office, this very same D.A.'s office, the case against Luis Villarreal for assaulting with a deadly weapon my client." (2006-DCR-A-vol.008,p.25,lines 1-10)[Defense closing]
> ***
>
> "What happens after that? He gets indicted.
> What does he do? He pleads guilty and is sent to prison for that. He is sent to prison. So this case is such a contradiction in itself. They're telling you, "We believed her wholeheartedly back two or three years ago. We believed her. We believed her so much that we sent the man to prison for it," okay? You're going to have that evidence, ladies and gentlemen. Now they're telling you today, "Don't believe her. It didn't happen. It doesn't make sense. Her story doesn't make sense." I'm going to tell you, ladies and gentlemen, right now, I do not understand why we're here today. I do not understand why we're hereto day." (2006-DCR-A-vol.008,p.25,line 23-p.26,line 11)[Defense closing]

In **Crutcher**, a fellow under-keeper said that the mob had laid hold of him and Crutcher and compelled them to go break the machines. In Gonzalez, it was uncontradicted that a magistrate had believed her fear and issued an emergency protective order:

> "She told you she was in fear for her life. What more do you want? An emergency protective order was issued on her behalf. What does that mean?
> That means that a magistrate judge, who's been a magistrate for over 32 years, issued an emergency protective order to protect her from future violence." (2006-DCR-A-vol.008,p.29)[Defense closing]

**Crutcher** was a report of a trial, rather than an appellate opinion, but it is instructive because in both **Crutcher** and **Gonzalez**, someone other than the *defendant* testified about the defendant's fear. In determining if the defendant carried her burden to prove the affirmative defense of duress by a preponderance of the evidence, the Court of Appeals should note that the State's own magistrate found her fear to be well founded and acted accordingly in issuing a protective order.

There was testimony about the threats:

> "That is precisely what happened in this

case. That is exactly what happened in this case. She was beat with this gun, and she was made to hold these this contraband and the gun under duress."(2006-DCR-A-vol.008,p.29)[Defense closing]

The state's own witness, Officer Camacho, testified that a victim of domestic violence is under duress.

"I asked him, in your opinion, professional opinion, is someone that is the victim of an assault under duress? He said, yeah, absolutely. A victim of an assault is a victim of duress."(2006-DCR-A-vol.008,p.35)[Defense closing]

Considering that the State's own Magistrate believed Defendant's fear and acted upon that belief and issued a protective order, that the State's own officer, Officer Camacho, testified that the victim of domestic violence was under duress, and considering that the very prosecutor who prosecuted Young Woman, Ms. Gonzalez, had believed her and prosecuted the boyfriend for aggravated assault on her, and that the boyfriend had admitted the aggravated assault, and that a state judge had accepted the admission and sentenced the boyfriend to the penitentiary, and further considering that the defendant said that the boyfriend had threatened her if she did not say that the gun and the drugs were hers, a rational jury

could not have found against the defendant on the issue of duress, an affirmative defense.

When a rational jury could not have reached a particular verdict upon stated evidence, the verdict is irrational and it is a violation of federal due process to deprive one of her liberty predicated upon such an irrational verdict. **Jackson v. Virginia**,443 U.S.307(1979)

The **Jackson** rationality standard applies to the review of proof of duress as an affirmative defense. **Belt v. State**,485 S.W.2d39,42hn2(Ga.App.1997,no pet.)

> "Belt's two enumerations challenging the sufficiency of the evidence are reviewed under the standard of **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560***
> This testimony contradicted Belt's claim of duress. Under the **Jackson v. Virginia** standard, a rational trier of fact could find appellant guilty of the offenses charged beyond Belt's participation and conduct as a party to these crimes."**Belt v. State**,485 S.W.2d39,42hn2(Ga.App.1997,no pet.)

The affirmative defense of duress negates an element of the offense. **People v. Keating**,174Cal.Rptr.286(Cal.App.[1st Dist.{4th Div.}]1981,no pet.) The "defense of duress is a factual

contention, which if proven, tends to negate an element of the charged crime." **People v. Keating**,174Cal.Rptr.286,294fn1(Cal.App.[1st Dist.{4th Div.}]1981,no pet.)

*Pursuant to Tex. R. App. Proc. 38.1(I), Appellant provides a short conclusion that clearly states the nature of the relief sought:*

**CONCLUSION AND REQUEST FOR RELIEF**

The Court of Appeals should conclude that a failure of proof on the affirmative defense of duress negates an element of the offense, that a rational jury could not have found against the defendant on the issue of duress, an affirmative defense.

The Court of Appeals should acquit defendant.

Respectfully submitted,

*/s/Larry Warner*
Larry Warner,
Counsel for Appellant
3109 Banyan Circle
Harlingen,Tx 78550
Phone  956 230 0361;
Fax 866 408 1968
Tex.State Bar# 20871500
Usdc,Stdx# 1230
office@larrywarner.com
website: larrywarner.com
Member, Bar of the Supreme Court of the United States(1984)
Board Certified, Criminal Law
Texas    Board    of    Legal Specialization(1983)

## *CERTIFICATE OF SERVICE*

I certify that I had delivered a copy of the foregoing Appellant's Initial Brief via fax to the following counsel of record on this 18th day of February, 2015 to the District Attorney's office at 964 E. Harrison Street, 2nd Floor, Brownsville, Texas 78520. Fax: 1-956-544-0869.

Respectfully Submitted,
February 18, 2015.

*/s/Larry Warner*
Larry Warner,
Counsel for Appellant


## Certificate Of Compliance

I certify that this brief complies with TEX.R.APP.9(i) (2)(B) and was prepared using WordPerfect X3, font in Courier New 14pt. And contains 3100 words as counted by the WordCount Tool of this software program.

Respectfully Submitted,
February 18, 2015.

*/s/Larry Warner*
Larry Warner,
Counsel for Appellant