# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CRAIG LAMONT YOUNG, JR.,

        Defendant-Appellant.

UNPUBLISHED
November 5, 2015

No. 323007
Macomb Circuit Court
LC No. 2013-004351-FC

Before: SAWYER, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to 1 to 10 years' imprisonment for the assault with intent to do great bodily harm conviction and two years' imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

Defendant argues that the prosecution failed to present sufficient evidence to prove beyond a reasonable doubt that defendant did not act in self-defense. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted). "This Court reviews the evidence in the light most favorable to the prosecution." *Id*. This Court should not interfere with the jury's determinations regarding the weight of the evidence or credibility of witnesses. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010).

With the enactment of the Self-Defense Act (SDA), MCL 780.971 *et seq*., the Michigan Legislature codified the circumstances in which a person not engaged in the commission of a crime may use deadly force in self-defense without having the duty to retreat. *People v Dupree*, 486 Mich 693, 708; 788 NW2d 399 (2010). Pursuant to MCL 780.972(1)(a), deadly force may be used when "[t]he individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual." When a defendant introduces evidence of self-defense "from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense

-1-

exist," the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense. *Dupree*, 486 Mich at 709-710.

We conclude that the prosecution presented sufficient evidence to disprove defendant's claim of self-defense. Defendant's cousin, Christopher Webb, testified in support of defendant's claim of self-defense. Webb testified that he and defendant were in a motel parking lot when the victim left his motel room wearing a hooded sweatshirt with his right hand in his pocket. Webb stated that he felt threatened, and when the victim reached for a chrome object in his pocket, defendant shot at the victim. Webb was unable to identify the chrome object as a gun. In contrast to Webb's testimony, no weapon was found on the victim or in his motel room. Further, the victim testified that after he left his motel room, defendant shot at him without provocation. Based on the victim's testimony, supported by the fact that no firearm was found on the victim or in his room and Webb's inability to confirm that the victim had a firearm, we conclude that there was sufficient evidence presented to rebut defendant's self-defense claim. While Webb's testimony contradicted the prosecution's theory, determinations regarding the weight of the evidence or credibility of witnesses are reserved for the jury. *Bennett*, 290 Mich App at 472. Accordingly, the prosecution submitted sufficient evidence for a rational jury to find that defendant did not act in self-defense.

Affirmed.

/s/ David H. Sawyer
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood