**Lansing, Michigan**

# Opinion

Chief Justice:        Justices:
Marilyn Kelly        Michael F. Cavanagh
                     Elizabeth A. Weaver
                     Maura D. Corrigan
                     Robert P. Young, Jr.
                     Stephen J. Markman
                     Diane M. Hathaway

FILED JULY 23, 2010

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellant,

v                                                    No. 139396

ROBERTO MARCHELLO DUPREE,

     Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

CORRIGAN, J.

In this criminal case, we hold that the traditional common law affirmative defense of self-defense may be interposed to a charge of being a felon in possession of a firearm, MCL 750.224f. Defendant temporarily possessed a firearm in violation of the felon-in-possession statute but introduced evidence at trial supporting the theory that his violation was justified because he acted in self-defense. The prosecutor did not resist defendant's argument regarding the availability of self-defense, and the trial court gave a standard self-defense jury instruction. Over defendant's objection, the trial court also instructed

the jury regarding the momentary innocent possession defense to the charge of being a felon in possession. The jury convicted defendant. The Court of Appeals reversed defendant's conviction and remanded for a new trial, concluding that the common law affirmative defenses of self-defense and duress are generally available to a defendant charged with being a felon in possession if supported by sufficient evidence.[1]

We originally granted leave to consider whether any of the traditional common law affirmative defenses are available for a charge of felon-in-possession and, if so, whether the defendant has the burden of proving the affirmative defense. We conclude, however, that only the common law affirmative defense of self-defense was properly raised before the trial court. Limiting our analysis to the issue preserved below, we agree with the Court of Appeals that self-defense is generally available for a felon-in-possession charge if supported by sufficient evidence. Defendant introduced sufficient evidence from which the jury could have concluded that he violated the felon-in-possession statute but that his violation could be justified because he honestly and reasonably believed that his life was in imminent danger and that it was necessary for him to exercise force to protect himself. Therefore, we hold that self-defense is an available defense under these facts.

We also take this opportunity to reaffirm that the prosecution bears the burden of disproving the common law affirmative defense of self-defense beyond a reasonable doubt. Finally, we conclude that the Court of Appeals properly ruled that the trial court's

---

[1] People v Dupree, 284 Mich App 89; 771 NW2d 470 (2009).

2

modified jury instruction on the momentary innocent possession defense was erroneous. Because this instructional error more probably than not resulted in a miscarriage of justice, defendant is entitled to a new trial on the felon-in-possession charge. Accordingly, we affirm the Court of Appeals' result and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

On September 11, 2005, defendant Roberto Marchello Dupree and a female companion attended a birthday party for his brother at the house of defendant's sister-in-law, Adrian Dupree. Adrian's 24-year-old niece, Ashley Horton, and Horton's 24-year-old boyfriend, Damond Reeves, also attended. When the party was ending, defendant and Reeves began quarrelling on the porch. The altercation culminated in defendant shooting Reeves three times. As a result of the altercation, the prosecutor charged defendant with two counts of assault with intent to commit murder,[2] felonious assault,[3] felon-in-possession,[4] and possession of a firearm during the commission of a felony.[5] After a three-day trial, the jury acquitted defendant of all charges except the felon-in-possession charge.

The witnesses gave conflicting testimony at trial about the circumstances surrounding the altercation. Reeves testified that defendant directed an expletive at him

---

[2] MCL 750.83.

[3] MCL 750.82.

[4] MCL 750.224f.

[5] MCL 750.227b.

3

and shoved him for no reason. Reeves also testified that he and defendant fought until defendant left the fracas, went inside, and returned with a gun. Reeves stated that defendant shot him three times as he continued wrestling with defendant from the front yard to the street. Although the sequence of events was unclear, Horton testified that when she attempted to intervene, defendant struck her in the face with the gun. She went inside to call the police and heard a shot. Horton returned to the porch and heard a second shot before going back inside, where she heard a third shot. She stated that defendant later entered the house, put the gun to her chin, and pulled the trigger. The gun did not fire.

By contrast, defendant and two other bystanders testified that the altercation began when Reeves shoved Adrian Dupree off the porch. Defendant told Reeves not to disrespect his sister-in-law and asked him to leave. Reeves then pushed defendant. The two men fell off the porch and began wrestling. Reeves's shirt was pulled up, exposing a gun in the waistband of his pants. Defendant testified that he feared for his life because Reeves was larger than defendant, inebriated, and armed. Defendant stated that Reeves went for his gun and that defendant grabbed it to protect himself. As the two men struggled over the gun, defendant shot Reeves three times. Defendant kept the gun until he left with his female companion in her vehicle, throwing the gun out the window after he was some distance from the house.

During the three-day jury trial, defense counsel argued that defendant had not assaulted Horton, but had acted in self-defense in response to Reeves's actions. Regarding the felon-in-possession charge, defense counsel asserted that defendant's

4

temporary possession of the gun was justified because defendant had seized possession of the gun to protect himself during the struggle. Defense counsel requested a standard self-defense jury instruction for all charges. The prosecutor did not object, and the trial court instructed the jury as requested. Additionally, the court instructed the jury sua sponte that it could find defendant not guilty of being a felon in possession if it found the following:

> As to being a felon in possession, [defendant] claims that the gun was produced in a struggle. And of course, if that's the case that the gun was produced during the course of a struggle and you find that it happened that way, that would be a defense to felon in possession provided you find that he did not keep the gun in his possession any longer than necessary to defend himself.

Defense counsel objected to the trial court's instruction, arguing that the court should not have included the phrase "any longer than necessary to defend himself." The trial court responded that it had crafted the instruction, which it labeled "the necessity defense to being a felon-in-possession," from federal law. After further discussion, the court gave defense counsel more time to locate legal authority to substantiate the objection.

When defense counsel failed to locate any legal authority invalidating the instruction, the prosecutor suggested that the trial court provide an instruction on the momentary innocent possession defense to carrying a concealed weapon then under consideration by this Court in People v Hernandez-Garcia, 477 Mich 1039 (2007).[6] Defense counsel objected. The court overruled the objection and reinstructed the jury

---

[6] Approximately five months following this trial, we affirmed and adopted the Court of Appeals' holding in *Hernandez-Garcia* that the momentary innocent possession of a concealed weapon is not a defense to the charge of unlawfully carrying a concealed weapon, MCL 750.227(2). Hernandez-Garcia, 477 Mich at 1040, overruling People v Coffey, 153 Mich App 311; 395 NW2d 250 (1986).

5

concerning the momentary innocent possession defense to being a felon in possession as follows:

> And if the person had a brief or momentary possession of the weapon based on necessity, that's a defense to being a felon in possession. And the elements to that are that the defendant had the gun because he had taken it from someone else who was in wrongful possession of it, or he took it from him because of necessity, because he needed to. Second, that the possession after taking the gun was brief. *And third,* that it was the defendant's intention to deliver the gun to the police at the earliest possible time. The law imposes that duty as a concomitant part of that. [Emphasis added.]

The trial court stated that the modified instruction replaced its prior instruction regarding "the necessity defense." Subsequently, the jury acquitted defendant of all felony charges except the felon-in-possession charge. The court sentenced defendant to serve a term of 48 months' to 30 years' imprisonment as a fourth-offense habitual offender.[7]

In a published opinion, the Court of Appeals reversed defendant's conviction and remanded for a new trial. The majority concluded that defendant had not waived his claim of instructional error and that the common law affirmative defenses of self-defense and duress are generally available for felon-in-possession charges. The Court adopted the term "justification" to describe the affirmative defense under which "a defendant might be justified in temporarily possessing a firearm—even though the possession is unlawful—if the possession is immediately necessary to protect the defendant or another from serious bodily harm."[8] Using the elements of common law duress as its basis, the

_____

[7] MCL 769.12.

[8] Dupree, 284 Mich App at 104 (opinion by M. J. KELLY, J.).

6

lead opinion listed five elements that would allow a defendant to raise a justification defense to a felon-in-possession charge.[9] The Court held that each of the five elements had been established in this case and that the instructional error was not harmless because the trial court's modified jury instruction effectively directed a guilty verdict on the felon-in-possession charge. The dissenting Court of Appeals judge disagreed, concluding that the instructional error was harmless and that the evidence did not support a jury instruction on the justification defense.

---

[9] The Court of Appeals stated:

[A] defendant may raise justification as a defense to being a felon-in-possession by introducing evidence from which the jury could conclude all the following:

(1) The defendant or another person was under an unlawful and immediate threat that was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm, and the threat actually caused a fear of death or serious bodily harm in the mind of the defendant at the time of the possession of the firearm.

(2) The defendant did not recklessly or negligently place himself or herself in a situation where he or she would be forced to engage in criminal conduct.

(3) The defendant had no reasonable legal alternative to taking possession, that is, a chance to both refuse to take possession and also to avoid the threatened harm.

(4) The defendant took possession to avoid the threatened harm, that is, there was a direct causal relationship between the defendant's criminal action and the avoidance of the threatened harm.

(5) The defendant terminated his or her possession at the earliest possible opportunity once the danger had passed. [Id. at 107-108.]

7

The prosecution then applied for leave to appeal in this Court. We granted the application and directed the parties to address whether any of the traditional common law affirmative defenses of self-defense, necessity, or duress are available for the charge of being a felon in possession, MCL 750.224f, and, if so, whether the defendant has the burden of proof to establish the defense.[10]

## II. STANDARD OF REVIEW

Whether common law affirmative defenses are available for a statutory crime and, if so, where the burden of proof lies are questions of law. This Court reviews questions of law de novo. People v Thompson, 477 Mich 146, 151; 730 NW2d 708 (2007). We review a claim of instructional error involving a question of law de novo, but we review the trial court's determination that a jury instruction applies to the facts of the case for an abuse of discretion. People v Gillis, 474 Mich 105, 113; 712 NW2d 419 (2006). The defendant bears the burden of establishing that the asserted instructional error resulted in a miscarriage of justice. MCL 769.26; People v Lukity, 460 Mich 484, 493-494; 596 NW2d 607 (1999).

## III. ANALYSIS

The preliminary issue in this case is whether the prosecution or defendant properly raised and preserved the traditional common law affirmative defenses of self-defense and duress before the trial court. Although the Court of Appeals analyzed the availability of both affirmative defenses in its decision and the parties addressed both defenses in their

---

[10] *People v Dupree*, 485 Mich 916 (2009).

8

arguments before this Court, our review is necessarily limited by the specific issue preserved below. We have "long recognized the importance of preserving issues for the purpose of appellate review." People v Grant, 445 Mich 535, 546; 520 NW2d 123 (1994); see also People v Brott, 163 Mich 150, 152; 128 NW 236 (1910) ("This court has often held that it will not review questions that have not been raised in the trial court, and such is the rule according to the great weight of authority."). In accordance with the general rule of issue preservation, "issues that are not properly raised before a trial court cannot be raised on appeal absent compelling or extraordinary circumstances." Grant, 445 Mich at 546.

After thoroughly reviewing the record, we conclude that neither defendant nor the prosecution properly raised the affirmative defense of duress before the trial court. Defendant did not present evidence that pertained to the affirmative defense of duress or otherwise assert its availability for the charge of felon-in-possession. Similarly, the prosecution failed to interpose any issue concerning duress or its attendant burden of proof at trial. It appears that defendant first injected the issue of duress in the Court of Appeals. The prosecution seized on the issue in this Court, discussing duress extensively in its brief and at oral argument. In light of these facts, we cannot conclude that the parties preserved the issue of duress.

However, we conclude that defendant properly raised the common law affirmative defense of self-defense before the trial court. Defendant's theory of the case was that he did not assault Horton, but acted in self-defense in response to Reeves's actions. Defendant introduced testimony to support his self-defense theory at trial, which the

9

prosecutor attempted to discredit. Further, defendant requested a standard self-defense jury instruction for all charges. The prosecutor did not object to defendant's request for a self-defense jury instruction. Consequently, we agree with the Court of Appeals to the extent that it concluded that self-defense is generally available for a felon-in-possession charge because defendant preserved the issue of self-defense for appellate review.[11]

The felon-in-possession statute, MCL 750.224f, places defendants in two distinct categories. People v Perkins, 473 Mich 626, 630; 703 NW2d 448 (2005).[12] The statutory prohibition is identical for defendants in either category. MCL 750.224f provides that both categories of defendants "shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state" until a series of requirements is fulfilled. The statute does not address the availability of common law affirmative defenses, including self-defense.

---

[11] An affirmative defense admits the crime but seeks to excuse or justify its commission. It does not negate specific elements of the crime. People v Lemons, 454 Mich 234, 246 n 15; 562 NW2d 447 (1997); see also People v Pegenau, 447 Mich 278, 319; 523 NW2d 325 (1994) (BOYLE, J.) ("[A]n affirmative defense in effect concedes the facial criminality of the conduct and presents a claim of justification or excuse . . . .").

[12] The Perkins Court explained:

> The first category consists of persons convicted of a "felony." These persons regain their right to possess a firearm three years after paying all fines imposed for their violations, serving all jail time imposed, and successfully completing all conditions of parole or probation. MCL 750.224f(1). The second category consists of persons convicted of a "specified felony." These persons must wait five years after completing the same requirements and, moreover, must have their right to possess a firearm restored. MCL 750.224f(2). [Perkins, 473 Mich at 630-631.]

In this case, the parties stipulated that defendant had been convicted of a "specified felony" under MCL 750.224f(2).

10

The Legislature's failure to provide explicitly for the common law affirmative defense of self-defense does not foreclose defendants from relying on it to justify a violation of MCL 750.224f. It is axiomatic that the common law affirmative defense of self-defense is embedded in our criminal jurisprudence.[13] Historically, in cases in which the statutory provision did not squarely resolve the issue before this Court, we have applied the common law, presuming that the Legislature enacted statutes mindful of those aspects of common law that have become "firmly embedded in our jurisprudence . . . ."[14] More recently, the United States Supreme Court recognized the interrelated nature of criminal statutes and the common law, stating that legislative bodies enact criminal statutes "against a background of Anglo-Saxon common law . . . ."[15] We find this rationale instructive. Absent some clear indication that the Legislature abrogated or modified the traditional common law affirmative defense of self-defense for the felon-in-possession charge in MCL 750.224f or elsewhere in the Michigan Penal Code, we

---

[13] See, e.g., People v Coughlin, 65 Mich 704; 32 NW 905 (1887).

[14] Garwols v Bankers Trust Co, 251 Mich 420, 424; 232 NW 239 (1930); see also Const 1963, art 3, § 7 ("The common law and the statute laws now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are changed, amended or repealed.").

[15] United States v Bailey, 444 US 394, 415 n 11; 100 S Ct 624; 62 L Ed 2d 575 (1980). In Bailey, the trial court refused the defendants' requests for jury instructions on the common law defenses of duress and necessity in their prosecutions for escaping a federal prison. The majority of the Court concluded that the facts presented were insufficient to support the defenses. Significantly, however, all members of the Supreme Court agreed that the common law affirmative defenses could be asserted against the charged offense even though the statute did not specifically provide for it.

11

presume that the affirmative defense of self-defense remains available to defendants if supported by sufficient evidence.

Our conclusion that self-defense remains an available defense is reinforced by our canvass of authorities elsewhere. Among the states that have addressed whether self-defense is an available defense to a statutory prohibition against felons possessing firearms, most other jurisdictions have concluded that self-defense is an available defense. The Tennessee Supreme Court, for example, acknowledged the availability of self-defense as one potential affirmative defense to the charge of being a felon in possession. See *State v Bledsoe*, 226 SW3d 349, 357 n 7 (Tenn, 2007). Similarly, the Indiana Court of Appeals concluded that

> Indiana's prohibition against a felon possessing a firearm was not intended to affect his or her right to use a firearm in self-defense, but was intended only to prohibit members of the affected classes from arming themselves with firearms or having such weapons in their custody or control in circumstances other than those in which the right to use deadly force in self-defense exists or reasonably appears to exists. [*Harmon v State*, 849 NE2d 726, 734 (Ind App, 2006).]

The Minnesota Supreme Court also recognized the availability of self-defense for the charge of felon-in-possession but stated that "the closer questions are whether the defendant, even if justified in wresting the gun away from [a dangerous aggressor], continued his aggression beyond the limits of self-defense or his possession of the pistol beyond justifiable possession." *State v Spaulding*, 296 NW2d 870, 876 (Minn, 1980). We agree with the weight of authority from our sister jurisdictions that self-defense is an available defense to the charge of being a felon in possession if supported by sufficient evidence.

12

At common law, the affirmative defense of self-defense justifies otherwise punishable criminal conduct, usually the killing of another person, "if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself."[16]  Generally,

> [o]ne who is not the aggressor in an encounter is justified in using a reasonable amount of force against his adversary when he reasonably believes (a) that he is in immediate danger of unlawful bodily harm from his adversary and (b) that the use of such force is necessary to avoid this danger.[17]

"A finding that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted intentionally, but that the circumstances justified his actions."[18]

Professor LaFave articulated the rationale of the affirmative defense of self-defense:

> It is only just that one who is unlawfully attacked by another, and who has no opportunity to resort to the law for his defense, should be able to take reasonable steps to defend himself from physical harm.  When the steps he takes are reasonable, he has a complete defense to such crimes against the person as murder and manslaughter, attempted murder, assault and battery and the aggravated forms of assault and battery, and perhaps other crimes as well.  His intentional infliction of (or, if he misses, his attempt to inflict) physical harm upon the other, or his threat to inflict such harm, is said to be justified when he acts in proper self-defense, so that he is not guilty of any crime.[19]

---

[16] People v Riddle, 467 Mich 116, 127; 649 NW2d 30 (2002).

[17] 2 LaFave, Substantive Criminal Law (2d ed), § 10.4, p 142.

[18] People v Heflin, 434 Mich 482, 503; 456 NW2d 10 (1990).

[19] 2 LaFave, § 10.4(a), pp 143-144.

13

With the enactment of the Self-Defense Act (SDA), MCL 780.971 et seq., the Legislature codified the circumstances in which a person may use deadly force in self-defense or in defense of another person without having the duty to retreat.[20] However, the SDA did not become effective until October 1, 2006, and the altercation in this case occurred on September 11, 2005. Because the SDA does not retroactively apply to conduct that occurred before its effective date,[21] the traditional common law affirmative defense of self-defense in existence before the enactment of the SDA governs.[22]

In this case, sufficient evidence supported a jury instruction on the common law affirmative defense of self-defense. As the Court of Appeals succinctly observed, "[defendant] presented evidence from which a jury could find—and apparently did find—that he acted in self-defense when he struggled over the gun with Reeves and ultimately shot Reeves three times."[23] We agree that defendant introduced evidence from which a jury could conclude that defendant's criminal possession of the firearm was justified because defendant honestly and reasonably believed that his life was in imminent danger and that it was necessary for him to exercise force to protect himself.

Defendant testified that when he intervened after Reeves shoved defendant's sister-in-law off the porch, Reeves responded by grabbing defendant and pulling him off

---

[20] See MCL 780.972.

[21] People v Conyer, 281 Mich App 526, 531; 762 NW2d 198 (2008).

[22] See MCL 780.973 ("[T]his act does not modify the common law of this state in existence on October 1, 2006 regarding the duty to retreat before using deadly force or force other than deadly force.").

[23] Dupree, 284 Mich App at 101 (opinion by M. J. KELLY, J.).

14

the porch. Defendant stated that as he and Reeves continued wrestling, he became aware that Reeves had a gun. Further, defendant testified that he feared for his life because Reeves was a large man, weighing approximately 300 pounds, and because Reeves was intoxicated and armed. Defendant also testified that he and Reeves continued struggling over the gun even after he shot Reeves three times. Defendant stated that he repeatedly told Reeves "Just stop" and "Let me go" after Reeves said "I'm hit." Additionally, defendant testified that he retained possession of the gun after he and Reeves separated and that he threw the gun from the window of his female companion's vehicle once they had driven some distance from the house. However, the testimony is unclear whether Reeves remained in the vicinity of the house before defendant left the scene with his female companion. The record is similarly unclear concerning at what point Reeves no longer posed a threat to defendant, particularly because the testimony suggests that Reeves continued to challenge defendant for possession of the gun even after he had been shot three times. Under these facts, defendant introduced sufficient evidence from which the jury could have concluded that defendant violated the felon-in-possession statute but that his violation could be justified because he acted in self-defense.

Having concluded that the common law affirmative defense of self-defense may be interposed in this felon-in-possession case, we also conclude that the prosecution bears the burden of disproving the common law defense of self-defense beyond a reasonable doubt. Stated another way, once the defendant injects the issue of self-defense and satisfies the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist, the

15

prosecution bears the burden of proof "'to exclude the possibility that the killing was done in self-defense . . . .'"[24] This allocation of the burden of proof is well settled in this Court[25] and the Court of Appeals.[26] We discern no cogent reason to disrupt the established burden of proof. Accordingly, we reaffirm that once the defendant satisfies the initial burden of production, the prosecution bears the burden of disproving the common law defense of self-defense beyond a reasonable doubt.

Finally, we conclude that the trial court's jury instruction on the momentary innocent possession defense was not harmless error. Defendant, therefore, is entitled to a new trial on the felon-in-possession charge. Under MCL 769.26, a preserved nonconstitutional error is not grounds for reversal unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the asserted error was outcome determinative.[27] In this case, after instructing the jury sua sponte

---

[24] People v Jackson, 390 Mich 621, 626; 212 NW2d 918 (1973), quoting People v Stallworth, 364 Mich 528, 535; 111 NW2d 742 (1961) ("[O]nce the issue of self-defense is injected and evidentially supported, '[t]he burden of proof to exclude the possibility that the killing was done in self-defense, rests on the prosecution.'").

[25] See Coughlin, 65 Mich at 705 ("The charge made against respondent in this case could not be made out unless the testimony should exclude the idea of self-defense beyond a reasonable doubt. Consequently it was incumbent upon the people to show such facts and circumstances as convinced the jury that the killing was not done in self-defense.").

[26] See People v Pearson, 13 Mich App 371, 377; 164 NW2d 568 (1968) ("[It is] the well-settled law of this State that in criminal cases where the issue of self-defense has been raised, the burden of proof, beyond a reasonable doubt, still rests with the people, and that the burden is not on defendant to satisfy the jury that he acted in self-defense, but rather the people have the burden of showing facts that would convince a jury beyond a reasonable doubt that defendant did not act in self-defense.").

[27] Lukity, 460 Mich at 495-496.

16

about "the necessity defense" to being a felon in possession from federal law, the trial court rescinded that instruction and gave the jury a modified instruction on the now defunct momentary innocent possession defense.[28] Over defense counsel's objection, the trial court instructed the jury that it could find defendant not guilty of being a felon in possession if the jury found the following elements of the momentary innocent possession defense:

> And the elements to that are [first] that the defendant had the gun because he had taken it from someone else who was in wrongful possession of it, or he took it from him because of necessity, because he needed to. Second, that the possession after taking the gun was brief. *And third, that it was the defendant's intention to deliver the gun to the police at the earliest possible time*. [Emphasis added.]

The trial court clarified that this instruction replaced its prior instruction regarding "the necessity defense" to being a felon in possession.

The Court of Appeals majority correctly ruled that the modified jury instruction was not harmless. We presume that the jury followed the trial court's instructions.[29] Under the trial court's modified instruction on the momentary innocent possession defense, the jury had no alternative but to find defendant guilty of being a felon in possession because defendant proffered no evidence that he intended "to deliver the gun to the police at the earliest possible time." To the contrary, defendant testified that he

---

[28] See Hernandez-Garcia, 477 Mich at 1039-1040 (affirming and adopting the Court of Appeals' holding that the trial court correctly instructed the jury that momentary innocent possession of a concealed weapon is not a defense to a charge of unlawfully carrying a concealed weapon).

[29] See People v Graves, 458 Mich 476, 486; 581 NW2d 229 (1998).

threw the gun from the window of his female companion's vehicle after he was some distance from the house. As a result, the modified jury instruction wholly negated defendant's theory of the case in regard to the felon-in-possession charge, namely that his temporary possession of the gun was justified under the circumstances because defendant had seized possession to protect himself during a struggle. "A criminal defendant is entitled to have a properly instructed jury consider the evidence against him."[30] Defendant did not have a properly instructed jury in this regard. After examining the nature of the instructional error in light of the weight and strength of the untainted evidence, it affirmatively appears more probable than not that the error was outcome determinative. Accordingly, defendant is entitled to a new trial on the felon-in-possession charge.

## IV. CONCLUSION

Having necessarily limited our analysis to the specific issue properly raised and preserved before the trial court, we conclude that the traditional common law affirmative defense of self-defense is generally available to a defendant charged with being a felon in possession if supported by sufficient evidence. We also conclude that self-defense was available under the facts of this case. Once a defendant satisfies the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist, the prosecution bears the burden of disproving the affirmative defense of self-defense beyond a reasonable doubt. Finally,

---

[30] *Riddle*, 467 Mich at 124.

we hold that the trial court's modified jury instruction on the momentary innocent possession defense to being a felon in possession was not harmless error.  Consequently, we affirm the Court of Appeals' result and remand for further proceedings consistent with this opinion.

WEAVER, YOUNG, MARKMAN, and HATHAWAY, JJ., concurred with CORRIGAN, J.

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                  No. 139396

ROBERTO MARCHELLO DUPREE,

        Defendant-Appellee.

_____

CAVANAGH, J. (*concurring in part and dissenting in part*).

I concur in the result only. I agree that common-law self defense is a valid defense to a charge of being a felon in possession of a firearm, MCL 750.224f. I also agree that once a defendant properly raises the defense, the prosecution bears the burden of disproving self-defense beyond a reasonable doubt. Finally, I agree that the trial court's erroneous jury instruction was not harmless error. I write separately because I disagree that the affirmative defense of duress is not properly before this Court. Indeed, the record belies the majority's claim that "[d]efendant did not present evidence that pertained to the affirmative defense of duress . . . ." *Ante* at 9.

To properly raise a duress defense, the defendant bears the burden of producing "'some evidence from which the jury can conclude that the essential elements of duress are present.'" *People v Lemons*, 454 Mich 234, 246; 562 NW2d 447 (1997) (citation omitted). To satisfy the burden of production, a defendant must produce some evidence from which the jury could conclude the following:

"A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;

"B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;

"C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and

"D) The defendant committed the act to avoid the threatened harm." [*Id.* at 247 (citation omitted).]

I agree with the Court of Appeals concurrence that "[a]lthough defendant in the instant case labeled his defense 'self-defense' rather than 'duress,' he unquestionably presented to the jury a scenario entirely consistent with a classic duress defense." *People v Dupree*, 284 Mich App 89, 113; 771 NW2d 470 (2009) (GLEICHER, J., concurring). As the majority acknowledges, defendant testified that Damond Reeves, a 300-pound, highly inebriated man with a gun, pushed defendant and then began wrestling with him. During the struggle, defendant became aware that Reeves possessed a gun, and defendant testified that he feared for his life. Defendant also testified that Reeves reached for his gun during the struggle and that he shot Reeves as they struggled over the gun. Finally, defendant testified that Reeves continued to attempt to take the gun from defendant even after defendant shot Reeves three times, despite the fact that defendant repeatedly told Reeves to "Just stop" and "Let me go." In my view, this account is a textbook example of a factual scenario from which a jury could conclude that the essential elements of duress were present.

Furthermore, I agree with the Court of Appeals concurrence that the trial court essentially instructed the jury on the duress defense when the court stated the following in its initial jury instruction:

> "As to being a felon in possession, [Dupree] claims that the gun was produced in a struggle. And of course, if that's the case that the gun was produced during the course of a struggle and you find that it happened that way, that would be a defense to felon in possession provided you find that he did not keep the gun in his possession any longer than necessary to defend himself." [*Id.* at 114.]

Thus, I disagree with the majority's conclusion that the issues related to the duress defense are not properly before this Court. I nonetheless concur because the result is the same given that the majority correctly holds that defendant is entitled to a new trial.

KELLY, C.J., concurred with CAVANAGH, J.