# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FRAZIER, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

DWIGHT FRAZIER,

        Respondent-Appellant.

UNPUBLISHED
December 7, 2017

No. 334850
Wayne Circuit Court
Family Division
LC No. 16-522322-DL

---

Before: GLEICHER, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

The family division of the Wayne Circuit Court adjudicated Dwight Frazier responsible for assault and battery, MCL 750.81, and creating a disturbance in school, Detroit Ordinance, § 38-7-2, following a bench trial. The trial court placed Dwight on intensive probation in his parents' home. Dwight now challenges his adjudication on the assault and battery charge alone. We discern no error and affirm.

## I. BACKGROUND

Dwight's troubles began when he got into a fight with another student in his fifth grade classroom. Dwight's teacher, Beverly Robinson, had briefly gone next door to ask another teacher, Valerie Searles, for assistance. In Robinson's absence, Dwight began to attack another child. Robinson testified that she grabbed Dwight by "the back of his shirt and arms" to stop the fight. Robinson described that as she pulled Dwight into the hallway, Dwight shouted profanities at her and once in the hallway, punched her in the shoulder or chest. Robinson and the school's janitor responded by pushing Dwight against a locker. Robinson denied grabbing Dwight by the neck.

Searles saw Dwight "bec[o]me irate" when Robinson broke up his fight with Timothy. Searles did not follow Robinson and Dwight into the hallway, however, and did not see Dwight punch Robinson. Ronita Thomas, a teacher across the hall, testified that she went into the classroom when she heard the commotion. Thomas saw Dwight's fist hit Robinson in the side of the face when he jumped off of a desk during his attack on the other student. Thomas did not see what happened once Robinson removed Dwight to the hallway.

-1-

The prosecutor's office filed a petition charging Dwight with assault and battery and creating a disturbance in a school. At trial, Dwight did not contest that he created a disturbance, but he argued that Robinson grabbed and choked him in the hallway and he punched Robinson while defending himself. The trial court rejected this defense and found beyond a reasonable doubt that Dwight committed an assault and battery against Robinson and created a disturbance at school.

## II. SELF-DEFENSE

Dwight contends that there was insufficient evidence that he committed assault and battery because the prosecution did not prove beyond a reasonable doubt that he did not act in self-defense. On appeal, Dwight changes his theory from that raised in the trial court. Dwight now claims that he acted in self-defense because "Robinson was the aggressor" as she grabbed him by the shirt and arm.

The availability of an affirmative defense is a legal question that we review de novo. *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010). We review the trial court's underlying factual findings for clear error, reversing only if we are "left with a definite and firm conviction that a mistake has been made." *People v Wilkens*, 267 Mich App 728, 732; 705 NW2d 728 (2005) (quotation marks and citation omitted).

> [The] affirmative defense of self-defense justifies otherwise punishable criminal conduct . . . if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself. [*Dupree*, 486 Mich at 707 (quotation marks and citation omitted).]

"[T]he prosecution bears the burden of disproving the common law defense of self-defense beyond a reasonable doubt" once respondent "produc[es] some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist[.]" *Id*. at 709-710.

The evidence substantiated that Robinson grabbed Dwight by the back of his shirt and his arm to pull him away from the student Dwight was physically attacking. Dwight does not claim that his life was in imminent danger or that he feared serious bodily harm from the particular force applied by Robinson. He also does not identify the danger imposed or harm threatened by Robinson removing him from a fight. Dwight simply cannot justify his use of force. As Dwight did not produce evidence of an honest and reasonable belief that he faced serious harm, he never triggered the prosecutor's duty to disprove self-defense.

Dwight argues that Robinson's testimony was inconsistent, impeding his ability to establish his defense. We will not disturb the factfinder's credibility determinations or resolution of conflicting evidence. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). However, we note that Robinson did testify at one point, "I didn't touch him at all." This statement was in response to the question: "Did you ever pick him up at all by his neck[.]" The trial court reasonably concluded that Robinson's absolute language responded only to the question asked and not to the entirety of her contact with Dwight.

Dwight further contends that his self-defense claim is supported by the fact that neither Searles nor Thomas saw him punch Robinson in the shoulder or chest as Robinson described. Again, this goes to credibility and we will not interfere with the factfinder's judgment in this regard. In any event, Thomas's testimony is even more damaging than Robinson's. Thomas saw Dwight punch Robinson in the face before Robinson even grabbed him to pull him away from the fight.

## III. SUFFICIENCY OF THE EVIDENCE

Dwight argues that the prosecutor presented insufficient evidence to support his adjudication for assault and battery because he touched Robinson accidentally, rather than intentionally. We review "a challenge to the sufficiency of the evidence in a bench trial de novo and in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proved beyond a reasonable doubt." *Wilkens*, 267 Mich App at 738 (quotation marks and citation omitted). Conflicting evidence "must be resolved in favor of the prosecution." *Id*.

MCL 750.81(1) proscribes assault and battery. A battery is "an intentional, unconsented and harmful or offensive touching of the person of another[.]" *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011) (quotation marks and citation omitted). An assault is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *Id*.

Robinson's statements support the trial court's finding that Dwight committed assault and battery by intentionally striking her.[1] Robinson testified that Dwight hit her once in the shoulder or chest. Although some of the details in Robinson's written statement conflict with her testimony, she consistently stated that Dwight purposefully punched her in the shoulder or chest.

Dwight notes that Searles testified that he appeared to be pulling away from Robinson and that she did not see Dwight hit Robinson. Dwight suggests that Searles' observation of the struggle supports his theory that he accidentally hit Robinson. However, Dwight allegedly

---

[1] While the trial court erroneously credited a statement to Thomas that Dwight punched Robinson on the shoulder, this error does not warrant reversal because Robinson's testimony alone sufficiently supported Dwight's adjudication.

punched Robinson in the chest or shoulder in the hallway. Searles' testimony does not contradict this version of events. And again, we will not disturb the factfinder's resolution evidentiary conflicts. See *Unger*, 278 Mich App at 222.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien