# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 24, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

155115

PEOPLE OF THE STATE OF MICHIGAN,
　　　　　Plaintiff-Appellee,

v

JAMAL DEVONTA BENNETT,
　　　　　Defendant-Appellant.

SC: 155115
COA: 328759
Kent CC: 15-000869-FC

_____/

By order of September 20, 2017, the prosecuting attorney was directed to answer the application for leave to appeal the November 17, 2016 judgment of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment addressing whether the erroneous admission of the music videos and gang-affiliation evidence was harmless, and we REMAND this case to that court for reconsideration of those issues. The Court of Appeals correctly stated that "[a] preserved error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Burns*, 494 Mich 104, 110 (2013) (quotation marks and citation omitted). However, the Court of Appeals failed to adequately explain why the erroneous admission of the music videos was harmless under this standard, especially in light of the prosecutor's concession that the record does not reflect that this was a gang-motivated killing, the defendant's admission that he was the shooter, and, in particular, the defendant's asserted affirmative defenses of self-defense and defense of others, which the prosecution bore the burden of disproving beyond a reasonable doubt. *People v Dupree*, 486 Mich 693, 697 (2010). On remand, the Court of Appeals shall engage in an examination of the entire cause and reconsider whether it is more probable than not that the preserved error in the admission of the music videos was outcome determinative. *Burns*, 494 Mich at 110.

Because the error in the admission of the gang-affiliation testimony was not preserved, the Court of Appeals shall review that error under the plain-error standard. *People v Carines*, 460 Mich 750, 763-764 (1999). In determining whether the defendant has carried his burden of showing prejudice, the Court of Appeals shall take into account the considerations noted above. Finally, in relation to both errors, the Court of Appeals shall address whether the erroneously admitted evidence, in conjunction with the prosecutor's arguments in closing that this evidence showed the "mentality" of the defendant and his friends on the night of the offense and the "lifestyle" they lived, constituted impermissible character evidence used to prove that the defendant "acted in conformity with the character traits commonly associated with gang members on a particular occasion, in violation of MRE 404(a)." *People v Bynum*, 496 Mich 610, 631 (2014); see also *Michelson v United States*, 335 US 469, 475-476 (1948) (explaining that character evidence is generally inadmissible not because it "is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge").

In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 24, 2018



a0117

Clerk