*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALEXANDER RYAN COLEMAN,

        Defendant-Appellant.

UNPUBLISHED
August 22, 2019

No. 342636
Wayne Circuit Court
LC No. 17-006817-01-FH

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

PER CURIAM.

Defendant, who has a prior felony record, admitted that he retrieved a handgun from his sister's home, took it outside, and placed it in his vehicle. At his criminal trial for possession of the firearm, defendant requested jury instructions regarding the defenses of duress and self-defense. Because the trial court correctly declined to instruct the jury regarding those defenses, and because we find no other grounds for relief, we affirm defendant's convictions and sentences but remand for the ministerial correction of the judgment of sentence to reflect that the trial court sentenced defendant as a fourth-offense habitual offender.

## I. BACKGROUND

This case arises from defendant's possession of a firearm on July 29, 2017, in front of a house located in Detroit, Michigan. The prosecutor charged defendant with carrying a concealed weapon, MCL 750.227, felon in possession of a firearm (felon in possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The parties stipulated that defendant had previously been convicted of a felony and did not have the right to possess a firearm on the date in question.

Defendant testified at trial that he had been standing by his vehicle in front of his sister's house, while his girlfriend and children were inside the vehicle. According to defendant, three or four individuals who had previously shot him drove by and stated, "It ain't over, b****." Defendant testified that he then went into his sister's house, retrieved a handgun, and came back outside because, according to defendant, he was worried and scared. Defendant estimated that he had the handgun for 5 to 10 minutes before the police officers arrived. Defendant admitted

that he did not retreat inside his sister's house and that he did not call 911 when threatened by the individuals who drove by. Although it is unclear on this record where defendant's girlfriend and children were located at all relevant times, defendant makes no claim, and presented no evidence, that his girlfriend and children could not have retreated inside his sister's house.

At the close of proofs, defense counsel asked the trial court to instruct the jury on the defenses of self-defense and duress, but the trial court denied the request. The jury acquitted defendant of carrying a concealed weapon but convicted him on the felon-in-possession and felony-firearm charges. The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to one to five years in prison for the felon-in-possession conviction and two years in prison for the felony-firearm conviction.

The prosecutor charged defendant as a fourth-offense habitual offender. Although the judgment of sentence does not refer to defendant's status as an habitual offender, it is evident from the record that the trial court sentenced defendant as a fourth-offense habitual offender. At the sentencing hearing, the following exchange occurred:

> [*The Prosecutor*]: Yes, Judge. I believe the only correction that I have to the presentence report is the guidelines were scored at 9 to 23.
>
> *The Court*: Yeah.
>
> [*The Prosecutor*]: That's without the habitual notice. It's 9 to 46 with the habitual four. That's the only correction that I have.

On the sentencing-information report signed by the trial court on the date of the sentencing hearing, the sentencing-guidelines range was corrected to state a range of 9 to 46 months instead of 9 to 23 months. This correction indicates that it was the trial court's intention to sentence defendant as a fourth-offense habitual offender. Further, the trial court noted at the sentencing hearing that defendant had ten prior felony convictions. Therefore, it is clear to this Court that the trial court sentenced defendant as a fourth-offense habitual offender.

Defendant appeals as of right from his convictions and sentences, arguing that the trial court erred in refusing to instruct the jury regarding the defenses of self-defense and duress.

## II. ANALYSIS

We review de novo questions of law pertaining to jury instructions, but review a trial court's determination whether a jury instruction applies to the facts of a case for an abuse of discretion. *People v Guajardo*, 300 Mich App 26, 34; 832 NW2d 409 (2013). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Id*. Furthermore, the defendant " 'bears the burden of establishing that the asserted instructional error resulted in a miscarriage of justice.' " *Id*., quoting *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010).

"A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her." *Id*. at 34 (cleaned up). A trial court is required to instruct the jury regarding an affirmative defense only if the defendant produces "some evidence on all elements

-2-

of the defense." *Id*. at 34-35 (cleaned up). "An affirmative defense is one that admits the doing of the act charged, but seeks to justify, excuse, or mitigate it. . . . It does not negate selected elements or facts of the crime." *Id*. at 35 n 1 (cleaned up).

## A.  DURESS

"Duress is a common-law affirmative defense. It is applicable in situations where the crime committed avoids a greater harm." *People v Lemons*, 454 Mich 234, 245-246; 562 NW2d 447 (1997) (citations omitted). "In order to properly raise the defense, the defendant has the burden of producing some evidence from which the jury can conclude that the essential elements of duress are present." *Id*. at 246 (cleaned up). "Unless a defendant submits sufficient evidence to warrant a finding of duress, the trial court is not required to instruct the jury on that defense." *Id*. at 248 (cleaned up). The elements of duress are as follows:

> A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;
>
> B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;
>
> C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and
>
> D) The defendant committed the act to avoid the threatened harm. [*Id*. at 247.]

In addition, the threat must have arisen without the defendant's fault or negligence, and "the threatening conduct or act of compulsion must be present, imminent, and impending." *Id*. A threat of future injury is insufficient. *Id*.

In this case, defendant did not present evidence establishing that he possessed the firearm because of a threatening act of compulsion that was present, imminent, and impending. At most, the evidence reflects that there was a threat of a future injury, which is insufficient. *Id*. There is no evidence that the individuals who drove by and threatened defendant remained at the scene or that they were still present when defendant returned outside with the handgun. Defendant could have taken his girlfriend and children inside his sister's house, locked the doors, and called the police. Defendant instead chose to retrieve a handgun from the house and go back outside. This evidence does not establish that defendant was compelled to possess illegally the firearm to avoid a greater harm to himself or others. The trial court thus did not err in refusing to instruct the jury on duress.

## B.  SELF-DEFENSE

"Under the common law, the affirmative defense of self-defense justified the killing of another person if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself." *Guajardo*, 300 Mich App at 35 (cleaned up). In 2006, the Legislature enacted the Self-Defense Act (SDA), MCL 780.971 *et seq*., which "codified the

circumstances in which a person may use deadly force in self-defense or in defense of another person without having the duty to retreat." *Guajardo*, 300 Mich App at 35, citing *Dupree*, 486 Mich at 708. The statute requires "that a person have an honest and reasonable belief that there is a danger of death, great bodily harm, or a sexual assault in order to justify the use of deadly force." *Id*. at 35-36. A felon possessing a firearm may raise "self-defense under the SDA when there is evidence that would allow a jury to conclude that criminal possession of a firearm was justified because the accused had an honest and reasonable belief that the use of deadly force was necessary to prevent imminent death, great bodily harm, or sexual assault to himself or herself or to another." *Id*. at 40. "The reasonableness of a person's belief regarding the necessity of deadly force depends on what an ordinarily prudent and intelligent person would do on the basis of the perceptions of the actor." *Id*. at 42 (cleaned up). Yet, "threats of future harm do not constitute imminent danger for purposes of self-defense." *Id*.

In this case, there was no evidence that defendant honestly and reasonably believed that the use of deadly force was necessary to prevent imminent death, great bodily harm, or sexual assault. As explained earlier, the evidence indicates, at most, a threat of future harm, which does not establish imminent danger for purposes of self-defense. *Id*. The trial court did not err in refusing to instruct the jury on self-defense.

## C. CORRECTION OF JUDGMENT OF SENTENCE

As explained above, the judgment of sentence does not refer to defendant's status as a fourth-offense habitual offender. Therefore, we remand this case to the trial court for the ministerial correction of the judgment of sentence to reflect that defendant was sentenced as a fourth-offense habitual offender. See MCR 6.435(A). We also direct the trial court to ensure that the corrected judgment of sentence is provided to the Department of Corrections. See *People v Perry*, 497 Mich 1023; 863 NW2d 38 (2015).

Affirmed but remanded for the ministerial correction of the judgment of sentence to reflect that the trial court sentenced defendant as a fourth-offense habitual offender. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle