*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER SCOTT HURLESS,

Defendant-Appellant.

UNPUBLISHED
September 19, 2024

No. 366066
Barry Circuit Court
LC No. 2022-000635-FH

Before: FEENEY, P.J., and RICK and N. P. HOOD, JJ.

N. P. HOOD, J. (*dissenting*).

I respectfully dissent. I would conclude that the prohibitions against a sentencing court relying on acquitted conduct as an aggravating factor, as outlined in *People v Beck*, 504 Mich 605, 625-630; 939 NW2d 213 (2019), extend to the conduct underlying an acquittal by reason of insanity. Because the trial court improperly relied on defendant Christopher Scott Hurless's prior acquittals by reason of insanity, I would vacate the sentence and remand for resentencing.

## I. BACKGROUND

The majority accurately describes the factual background of this case. Hurless engaged in a years-long pattern of harassing and stalking the victim. Critically, that history included the conduct underlying a 2019 home invasion charge that resulted in an acquittal by reason of insanity. It also included the conduct underlying the mid-September 2022 stalking that formed the factual basis of the stalking charge in this case. As the majority observes, Hurless pleaded guilty to one count of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), with a fourth-offense habitual offender enhancement, MCL 769.12, related to a use-amount of methamphetamine found on his person during his arrest; one count of stalking, MCL 750.411h; and one count of trespass to land, MCL 750.552. The trial court relied on the acquittal by reason of insanity when imposing Hurless's sentence.

## II. CONSIDERATION OF ACQUITTED CONDUCT DURING SENTENCING

Hurless first argues that the trial court's consideration of acquitted conduct when sentencing him violated his due-process rights. Although a plea (or verdict) of not guilty by reason

of insanity is not the same sort of acquittal considered in *Beck*, I would conclude that the same principles barring a sentencing court from considering acquitted conduct apply to the conduct underlying an acquittal by reason of insanity. Cf. *Beck*, 504 Mich at 625-630. In other words, I would conclude that the trial court should not have considered the conduct underpinning Hurless's 2019 not-guilty-by-reason of insanity (NGRI) pleas.

The majority correctly observes that, because Hurless did not raise his argument regarding the trial court's consideration of acquitted conduct during sentencing, it is unpreserved and subject to plain-error analysis. See *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018) ("To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals."). See also *People v Brown*, 326 Mich App 185, 191-192; 926 NW2d 879 (2019). To obtain relief under the plain-error rule, a defendant must prove that (1) an error occurred, (2) the error was plain, and (3) that the plain error affected substantial rights—in other words, the error affected the outcome of the proceedings. *People v Anderson*, 341 Mich App 272, 280; 989 NW2d 832 (2022). If a defendant satisfies these three requirements, we must determine whether the plain error warrants reversal, in other words, whether it seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Sometimes identified as a fourth prong of plain-error analysis, this last step conceptually overlaps with the third prong. *People v Davis*, 509 Mich 52, 75-76; 983 NW2d 325 (2022).

Regarding the first prong of plain-error analysis, I would conclude that an error occurred. The trial court improperly considered acquitted conduct: the conduct and facts underlying an acquittal by reason of insanity. "[D]ue process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *Beck*, 504 Mich at 629. Generally, acquitted conduct is conduct that "has been formally charged and specifically adjudicated by a jury." *Id*. at 620. Such conduct "is protected by the presumption of innocence" and "may not be evaluated using the preponderance-of-the-evidence standard without violating due process." *Id*. at 627. "When a jury has made no findings (as with uncharged conduct, for example)," however, "no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard." *Id*. at 626. An acquittal by reason of insanity is different from the acquittal and acquitted conduct addressed in *Beck*, but it carries similar considerations and implications for sentencing. See *id*. at 625-630.

Insanity is an affirmative defense. See MCL 768.21a; *People v Mette*, 243 Mich App 318, 328; 621 NW2d 713 (2000). "An affirmative defense admits the crime but seeks to excuse or justify its commission." *People v Dupree*, 486 Mich 693, 704 n 11; 788 NW2d 399 (2010). More specifically, the affirmative defense of insanity excuses conduct where a "person lacks substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law." MCL 768.21a. In other words, the person is unable to understand that what they are doing is wrong, or they are unable to control themselves. See *id.* Mental illness alone is insufficient to satisfy the requirements of legal insanity. See *id.* ("Mental illness or having an intellectual disability does not otherwise constitute a defense of legal insanity.").

Legal insanity is a defense, but an acquittal by reason of insanity is a legal conclusion resulting from very specific factual findings. See MCL 768.21a. See also MCL 330.2050. Though it is an affirmative defense, a plea of not guilty by reason of insanity is still an acquittal, albeit one with different consequences than the acquittal in *Beck*. See *Black's Law Dictionary* (11th ed) (defining "acquittal" as "[t]he legal certification, usu[ally] by jury verdict, that an accused person is not guilty of the charged offense; an official statement in a court of law that a criminal defendant is not guilty"); *id*. (defining "not guilty by reason of insanity" as "[a] not-guilty verdict, based on mental illness, that usu[ally] does not release the defendant but instead results in commitment to a mental institution" and "[a] criminal defendant's plea of not guilty that is based on the insanity defense"). See also MCL 330.2050 (containing provisions in the Mental Health Code, MCL 330.1001 *et seq*., related to those "acquitted of a criminal charge by reason of insanity"); *Duckett v Solky*, 341 Mich App 706, 715; 991 NW2d 852 (2022) ("In Michigan, after a criminal defendant pleads not guilty by reason of insanity or is acquitted by reason of insanity, the trial court must commit the defendant to the custody of the [Center for Forensic Psychiatry] . . . ."). And although a plea of not guilty by reason of insanity requires a court to find a factual basis for the plea, including a finding that the defendant committed the acts charged, see MCR 6.304(C)(1), a defendant is still adjudicated as acquitted, albeit by reason of insanity. Unlike a straight acquittal, an acquittal by reason of insanity requires immediate involuntary hospitalization. See MCL 330.2050. Our courts have consistently recognized an acquittal by reason of insanity is different from an acquittal when it comes to detention and release, see *People v Hampton*, 384 Mich 669; 187 NW2d 404 (1971) (retroactively applying the rule requiring the trial court to instruct a jury that an acquittal by reason of insanity does not equate with unconditional release), but we have also recognized that a person acquitted by reason of insanity is committed to a hospital for therapeutic purposes, instead of to a prison for punitive purposes, see *Duckett*, 341 Mich App at 715, 726-727. In its simplest terms, an acquittal by reason of insanity is a determination of culpability (or lack thereof), which places such an acquittal closer to the acquittal in *Beck* than to a guilty plea or verdict. Cf. *Beck*, 504 Mich at 625-630 (holding that due process prohibits a sentencing court from relying on conduct that might otherwise satisfy a preponderance of evidence standard "when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct"). It is a factual finding that a defendant has engaged in conduct, but a legal conclusion that he is not culpable for it.

The majority correctly observes that successfully proving an NGRI defense is not the same as earning an acquittal from the prosecutor's failure to prove beyond a reasonable doubt that the defendant committed a crime. But requiring a sentencing court to ignore the conduct underpinning a NGRI plea is not too different from the mandate in *Beck*. *Beck* often forces sentencing courts to adhere to a legal fiction when imposing a sentence. For example, if a jury concludes that a defendant *probably* committed an offense, then it must acquit for lack of proof *beyond a reasonable doubt*. Under *Beck*, a sentencing judge can no longer consider a crime that the defendant probably committed, something that would be a valid sentencing consideration had the conduct not been charged at all. An acquittal by reason of insanity is conduct that we know was committed, but conduct which we also know the defendant was not responsible for. This seems to be at least as valid of a basis as a jury acquittal. The critical difference is it often does not involve a jury determination. But it does involve a determination by the Legislature that the conduct is not criminal. See MCL 768.21a. See also MCL 330.2050.

Here, Hurless was acquitted by reason of insanity on the 2019 charges. This means the conduct occurred, but he was not criminally liable for the conduct. Nonetheless, the trial court relied on that conduct to enhance Hurless's sentence. When sentencing Hurless, the trial court itemized the convictions listed in the presentence investigation report (PSIR), but it also emphasized the two 2019 charges—resisting and obstructing law enforcement and home invasion—that resulted in acquittals by reason of insanity. Referencing the 2019 charges and acquittals by reason of insanity, the trial court stated:

> Resisting, obstructing a police officer, not guilty by insanity. Still committed the crime. 2019, again, another home invasion, not guilty by reason of insanity.
>
> Another crime that to me, mental health issues aren't more valuable than my safety. I don't think we get people to run around the streets, I'm mentally ill so I get to rape you. I'm mentally ill so I get [to] steal your car. I—I think that's crazy. I think—I think it's wrong. And now we get just a few years later this charge. He's very dangerous. He's very, very dangerous in my eyes.

The trial court directly referenced conduct underpinning Hurless's acquittals by reason of insanity as an aggravating circumstance.

This was acquitted conduct, and reliance on that conduct as an aggravating circumstance that violated the principles outlined in *Beck*. See *Beck*, 504 Mich at 625-630. *Beck* prohibits trial courts from relying on acquitted conduct during sentencing. See *id.* Even prior to our Supreme Court's decision in *Beck*, we have long recognized in unpublished authorities that acquittals by reason of insanity do not count toward a defendant's criminal history. *People v Kline*, unpublished per curiam opinion of the Court of Appeals, issued August 3, 2001 (Docket No. 212106), p 7 ("[W]e agree that the trial court erred in treating defendant's previous acquittal 'by reason of insanity' as a prior conviction . . .").[1] As stated, the conduct underlying the 2019 acquittals is not disputed—the trial court had to find a sufficient factual basis to accept a plea of not guilty by reason of insanity—but also culpability is not disputed. Hurless's acquittal by reason of insanity means he was not culpable. The trial court should not have considered it as an aggravating factor when fashioning the sentence.[2]

---

[1] Though unpublished cases are nonbinding on this Court, they may be persuasive or instructive. See *People v Parkinson*, ___ Mich App ___, ___ n 3; ___ NW3d ___ (2023) (Docket No. 362683); slip op at 6 n 3.

[2] Though not raised as an issue on appeal, the trial court also appears to have used an undiagnosed mental health condition as an aggravating factor. We have previously cautioned against using mental health conditions as an aggravating sentencing factor. See *People v Bennett*, 335 Mich App 409, 429; 966 NW2d 768 (2021). We have also observed that individuals suffering from undiagnosed or untreated mental health conditions are usually not deserving of the harshest penalties. *Id.*

Further, I am not persuaded by the prosecution's argument that the trial court could rely on the acquittal by reason of insanity simply because it was in the PSIR. This Court has held that "a sentencing court may review a PSIR containing information on acquitted conduct . . . so long as the court does not rely on the acquitted conduct when sentencing the defendant." *People v Stokes*, 333 Mich App 304, 311; 963 NW2d 643 (2020). But see *People v Stokes*, 507 Mich 939, 939-940; 957 NW2d 824 (2021) (MCCORMACK, C.J., concurring) (questioning the correctness of this Court's conclusion in *Stokes* that a PSIR containing information on acquitted conduct may be considered and noting its tension with the holding in *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997) that a PSIR is presumed accurate unless the defendant challenges the accuracy of the factual information). Here, the trial court explicitly relied on acquittals by reason of insanity as aggravating circumstances when fashioning the sentence.[3] The record therefore supports a finding that the trial court violated *Beck* when it relied on the information about the acquitted conduct in the PSIR. See *Stokes*, 333 Mich App at 311-312. This was an error.

Having concluded that the error occurred, I would move to the second prong of plain-error analysis and conclude that the error was plain or obvious. Though commonly referred to as "not guilty by reason of insanity," see, e.g., SCAO, *Form MC 207* "Commitment Order, Not Guilty By Reason of Insanity," the Legislature has identified such adjudication as "*acquittal* by reason of insanity." See MCL 330.2050 (emphasis added). *Beck* did not address acquittals by reason of insanity, but it held that sentencing courts cannot rely on acquitted conduct as aggravating factors. See *Beck*, 504 Mich at 625-630. See also *Kline*, unpub op at 7. It is also undisputed that a person is not criminally liable for conduct they commit while legally insane. See MCL 768.21a. Even short of legal insanity, we have held that individuals who commit crimes while suffering from undiagnosed or untreated mental illness are less deserving of the harshest punishments. See *People v Bennett*, 335 Mich App 409, 429; 966 NW2d 768 (2021). These combine to make the error plain.

Regarding the third prong of plain-error analysis, I would also conclude that this plain error affected the outcome of the sentencing. The trial court relied heavily on acquitted conduct when fashioning the sentence. Aside from violating due process as described in *Beck*, it resulted in an

---

[3] I observe that the PSIR identified both of the 2019 convictions as "not guilty by reason of insanity" and "dismissed." The parties appear to agree that both convictions resulted in acquittals by reason of insanity, not a voluntary dismissal by the prosecution after an opinion that Hurless was insane. Had the prosecution dismissed the charges because of a viable insanity defense, as opposed to the trial court accepting a plea of not guilty by reason of insanity, the implications for sentencing might be different, and undoubtedly even more complicated. See *Beck*, 504 Mich at 626-627 (permitting consideration of uncharged conduct); *People v Johnson*, ___ Mich App ___, ___; ___NW3d ___ (2024) (Docket No. 362236); slip op at 5 (permitting consideration of conduct by a preponderance of the evidence where conduct formed the basis of charges resulting in a hung jury). See also *Bennett*, 335 Mich App at 429-431 (observing that "[o]ur justice system generally regards an offender who commits a crime while suffering from undiagnosed or untreated mental illness as *less* deserving of the harshest punishments . . . ."). The question of whether the trial court could rely on charges that were voluntarily dismissed due to a viable insanity defense is not presently before us.

increased penalty.  The trial court used these acquittals to assess Hurless's dangerousness and criminal history, and relied on them as a basis for imposing a significant departure from the guidelines.  This necessarily affected the outcome.

Finally, this plain error warrants reversal.  The sentence implicates the reputation of the court and fairness of the proceedings because it effectively enhances a punishment based on acquitted conduct, where the basis for the acquittal was a mental health condition.  Hurless is entitled to resentencing without being punished for conduct that our laws have already excused.  Because I would conclude that the trial court's reliance on acquitted conduct warrants vacating the judgment of sentence and remanding for resentencing, I would decline to address Hurless's supplemental argument regarding the proportionality of his sentence.

### III.  CONCLUSION

For the reasons stated above, I would vacate the judgment of sentence and remand for resentencing.

/s/ Noah P. Hood