*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FRANK EARL TYSON,

Defendant-Appellant.

UNPUBLISHED
January 16, 2020

No. 338299
Oakland Circuit Court
LC No. 2014-249733-FC

ON REMAND

Before: JANSEN, P.J., and SAWYER and KRAUSE, JJ.

PER CURIAM.

In an order dated November 26, 2019, the Michigan Supreme Court vacated this Court's prior opinion in *People v Tyson*, unpublished per curiam opinion of the Court of Appeals, issued June 19, 2018 (Docket No. 338299), and remanded this case to this Court. Our Supreme Court concluded, "[u]nder *People v Steanhouse*, 500 Mich 453, 476 (2017), that court must review the departure sentence for an abuse of discretion, i.e., engage in a reasonableness review for an abuse of discretion informed by the 'principle of proportionality.'" *People v Tyson*, ___ Mich ___; ___ NW2d ___ (2019) (Docket No. 158225). Accordingly, our Supreme Court ordered this Court to undertake a "plenary review of the defendant's claim that his sentence was not reasonable and proportionate." *Id*.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with armed robbery, MCL 750.529, assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84; felon in possession of a firearm, MCL 750.224f; and three counts of possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. A jury convicted him of being a felon in possession of a firearm and a single count of felony-firearm; defendant was acquitted of the remaining charges. *People v Tyson*, unpublished per curiam opinion of the Court of Appeals, issued June 28, 2016 (Docket No. 325986) (TALBOT, C.J., and MURRAY and SERVITTO, JJ) ("*Tyson I*"), at p 1 and n 1. He was sentenced, as a fourth-offense habitual offender, MCL 769.12, "to 58 months to 40

-1-

years' imprisonment for the felon-in-possession conviction and a consecutive term of five years' imprisonment for the second-offense felony-firearm conviction." *Id*. at 1.

On direct appeal, defendant raised various alleged trial errors, all of which were rejected by this Court. *Id*. at 1-7, 10-12. Defendant also argued that his sentence of 58 months' to 40 years' imprisonment, a 10-month upward departure from the applicable sentencing guidelines range, was unreasonable. *Id*. at 7. This Court wrote:

> With adjustments to the scoring of several offense variables (OVs) and prior record variables (PRVs), defendant's sentencing guidelines range was 12 to 48 months' imprisonment for the felon in possession of a firearm conviction. The five-year sentence for second-offense felony-firearm is mandatory and is not disputed on appeal. MCL 750.227b.
>
> The trial court explained its decision to depart upward from the applicable guidelines range to include consideration of the following factors: (a) defendant's probationary status at the time of the offense, (b) defendant's extensive criminal history, including nine prior felony and 15 prior misdemeanor convictions, and (c) defendant's involvement in several "serious incidences of misconduct" while jailed during the pendency of the trial in this matter. The trial court specifically opined that the guidelines did not adequately account for the elevated PRVs for defendant and his jail misconduct. The trial court indicated that in sentencing defendant it was utilizing the next "grid down" and suggested that the departure was certainly warranted in light of his long criminal history, the jail misconducts, and being off the charts in connection with the prior record variables and the number of felonies."
>
> * * *
>
> With regard to the minimum sentence imposed, defendant fell within the sentencing grid for Class E Offenders, MCL 777.66. His PRV score of 90 placed him at Level F. His OV score of 10 placed him at Level II. As a fourth habitual offender, the sentencing guidelines range was 12 to 48 months. Instead, the trial court sentenced defendant in accordance with PRV Level F and OV Level III, as a fourth habitual offender, to a range of 14 to 58 months. [*Tyson I*, unpub op at 7-8 (Docket No. 325986).]

This Court explained the recent changes to Michigan's sentencing framework occasioned by *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), cert den ___ US ___; 136 S Ct 590; 193 L Ed 2d 487 (2015), and its progeny. *Tyson I*, unpub op at 8 (Docket No. 325986). This Court explained that the ultimate question was whether defendant's sentence satisfied the "principle of proportionality test as delineated in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990) . . . ." *Tyson I*, unpub op at 8 (Docket No. 325986). This Court wrote:

> In this instance, the departure from the guidelines is 10 months. The trial court provided a thorough explanation of its reasoning based on defendant's extensive criminal history, his involvement in various incidents while incarcerated

during the pendency of the trial in this matter, and the PRV score of 90, which exceeded the grid designation "75+." As a result, it seems unnecessary to have this matter remanded for resentencing because the trial court has already clearly indicated its concerns, reasoning and logic for the departure and, more importantly, because resentencing is not necessitated by *Lockridge*, given the absence of prejudice. Our Supreme Court has specified in *Lockridge* that "a defendant necessarily cannot show plain error because the sentencing court has already clearly exercised its discretion to impose a *harsher* sentence than allowed by the guidelines and expressed its reasons for doing so on the record." *Id.*, 498 Mich 395 n. 31. [*Tyson I*, unpub op at 9 (Docket No. 325986).

With that said, however, this Court felt compelled by *People v Shank*, 313 Mich App 221; 881 NW2d 135 (2015),[1] to remand for a *Crosby*[2] hearing, at which the trial court would determine whether, had it known that the sentencing guidelines were merely advisory, it would have given defendant a different sentence. *Tyson I*, unpub op at 9-10 (Docket No. 325986). This Court clearly disagreed that a remand was truly necessary and questioned the rule of *Shank*. *Id.* at 9-10. But because this Court was "bound to follow the precedent established by *Shank*, 313 Mich App 221, and only because we are so bound," this Court remanded for a *Crosby* hearing. *Tyson I*, unpub op at 10 (Docket No. 325986).

On remand, the trial court concluded that it would not have reached a different sentencing decision had it known that the guidelines were advisory, and thus declined to resentence defendant. *People v Tyson*, unpublished per curiam opinion of the Court of Appeals, issued June 19, 2018 (Docket No. 338299) ("*Tyson II*"), at p 2, remanded for reconsideration 935 NW2d 322 (Mich, 2019). Defendant appealed the denial of resentencing in Docket No. 338299. He did not challenge the *Crosby* remand proceeding itself, but instead, again challenged the reasonableness of his sentence. *Id.* at 1-2. This Court declined to consider the reasonableness of defendant's sentence:

> This Court previously ordered a remand in this case for the limited purpose of determining whether the trial court would have imposed a materially different sentence had it known that the sentencing guidelines were advisory rather than mandatory. See *Lockridge*, 498 Mich at 398. On remand, the trial court did, in fact, consider whether it would have imposed a materially different sentence had it known the guidelines were advisory only, and concluded that it would not have. Defendant raises no issue with those proceedings. Accordingly, defendant's challenge to the proportionality of his sentence is outside the scope of the remand order, and we decline to address it. [*Tyson II*, unpub op at 2 (Docket No. 338299).]

---

[1] This Court's opinion in *Tyson I* was issued on June 28, 2016. *Shank* was reversed by our Supreme Court a little over a year later, on October 31, 2017.

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Our Supreme Court has now vacated this Court's decision in *Tyson II*, and provided the following directive to this Court:

> Under *People v Steanhouse*, 500 Mich 453, 476 (2017), [the Court of Appeals] must review the departure sentence for an abuse of discretion, i.e., engage in a reasonableness review for an abuse of discretion informed by the "principle of proportionality." We REMAND this case to the Court of Appeals for plenary review of the defendant's claim that his sentence was not reasonable and proportionate. [*Tyson*, 935 NW2d 322.]

## II. STANDARD OF REVIEW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse*, 500 Mich at 471 (citations omitted). In determining whether a trial court abused its discretion by unreasonably departing from the sentencing guidelines, this Court reviews whether the trial court conformed to the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 476-477. "'[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.'" *Id*. at 472, quoting *Milbourn*, 435 Mich at 661. Sentences must be proportionate to the "'seriousness of the circumstances surrounding the offense and the offender.'" *Steanhouse*, 500 Mich at 474, quoting *Milbourn*, 435 Mich at 636.

## III. ANALYSIS

We now conclude that defendant's departure sentence was reasonable and proportionate.

In defendant's prior appeal, this Court discussed the issue of proportionality, but ultimately decided to remand for a *Crosby* hearing based solely on precedent established by *People v Shank*, 313 Mich App 221, 221; 881 NW2d 135 (2015), rev'd 501 Mich 904 (2017), wherein this Court declined to conduct a reasonableness review of a pre-*Lockridge* sentencing departure, instead holding that *Lockridge* entitled the defendant to a *Crosby* remand. This Court noted in defendant's prior appeal:

> We are of the opinion that where the trial court in this matter found it appropriate to sentence defendant to an upward departure of 10 months based on the more stringent "substantial and compelling reason" standard previously applicable, it would be illogical to conclude that the trial court would be inclined to impose a lesser sentence now that the sentencing guidelines are advisory only and the sentence need only be proportional to fall within the trial court's discretion. However, because we are bound to follow the precedent established by *Shank*, 313 Mich App 221, and only because we are so bound, we remand this matter to the trial court for a *Crosby* hearing. [*Tyson*, unpub op at 10.]

At the time of defendant's previous appeal, leave for appeal in *Shank* was pending before the Michigan Supreme Court, and since the appeal, *Shank* has been reversed. *Tyson*, unpub op at 9; *People v Shank*, 501 Mich 904; 902 NW2d 602 (2017). In reversing *Shank*, the remedy elected by the Michigan Supreme Court was to vacate this Court's judgment, and remand so that this Court could conduct the proportionality review that the defendant had originally raised and was entitled to under the newly issued *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017). *Shank*, 501 Mich at 904. See *Steanhouse*, 500 Mich at 476 (holding that *Crosby* remands in cases involving departure sentences unnecessarily prolong and complicate the sentencing process, and that in departure cases, "the purpose for the *Crosby* remand is not present"). In this case, defendant is entitled to the same plenary review of his departure sentence.

"[I]n order to facilitate appellate review," a trial court must explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017), citing *Steanhouse*, 500 Mich at 466-467, and *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008).

> [R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range [] include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight. [*Dixon-Bey*, 321 Mich App at 525 (citations omitted).]

Where this Court determines that a trial court "has abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed, it must remand to the trial court for resentencing." *Steanhouse*, 500 Mich at 476, citing *Milbourn*, 435 Mich at 665.

Notably, this Court strongly suggested in defendant's prior appeal that the trial court gave adequate justifications for its departure sentence, and that the departure sentence was reasonable:

> The trial court explained its decision to depart upward from the applicable guidelines range to include consideration of the following factors: (a) defendant's probationary status at the time of the offense, (b) defendant's extensive criminal history, including nine prior felony and 15 prior misdemeanor convictions, and (c) defendant's involvement in several "serious incidences of misconduct" while jailed during the pendency of the trial in this matter. The trial court specifically opined that the guidelines did not adequately account for the elevated [prior record variables] for defendant and his jail misconduct. The trial court indicated that in sentencing defendant it was utilizing the next "grid down" and suggested that the departure was "certainly warranted in light of his long criminal history, the jail misconducts, and being off the charts in connection with the prior record variables and the number of felonies."

* * *

In this instance, the departure from the guidelines is 10 months. The trial court provided a thorough explanation of its reasoning based on defendant's extensive criminal history, his involvement in various incidents while incarcerated during the pendency of the trial in this matter, and the [prior record variable] score of 90, which exceeded the grid designation "75+." As a result, it seems unnecessary to have this matter remanded for resentencing because the trial court has already clearly indicated its concerns, reasoning and logic for the departure and, more importantly, because resentencing it is not necessitated by *Lockridge*, given the absence of prejudice. [*Tyson*, unpub op at 7, 9.]

For the same reasons articulated in the previous appeal, we conclude that the trial court adequately justified its upward departure. Specifically, defendant's extensive criminal history and misconduct while in custody justified the 10-month upward departure, and the sentence was proportional to the circumstances of the offender and the offense.

Defendant argues to the contrary, contending that the reasons relied upon by the trial court were either already accounted for by the guidelines, or irrelevant to the issue of proportionality. Specifically, defendant contends that, by acquitting defendant of armed robbery and assault with intent to do great bodily harm (AWIGBH), the jury found that defendant's possession of the firearm was momentary and solely for the purpose of self-defense. That is, defendant contends that his felon-in-possession sentence should have been impacted by the fact that defendant was acquitted of other crimes. We disagree.

Given that defendant raised self-defense as an affirmative defense and the trial court instructed the jury as to the same, by convicting defendant of felon-in-possession, the jury was required to find, specifically, that defendant possessed the weapon for reasons *other* than self-defense. See *People v Dupree*, 486 Mich 693, 705; 788 NW2d 399 (2010) (applying self-defense to a felon-in-possession charge). See also *People v Stevens*, 306 Mich App 620, 630; 858 NW2d 98 (2014), quoting *Dupree*, 486 Mich at 709-710 ("Once a defendant raises the issue of self-defense and 'satisfies the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist,' the prosecution must 'exclude the possibility' of self-defense beyond a reasonable doubt."). Defendant does not otherwise explain how his acquittal of armed robbery and AWIGBH is relevant to his sentence for felon-in-possession. Defendant does not assert error in the scoring of the offense variables, nor does he raise issues related to judicial fact-finding, and there is no indication from the sentencing transcript or lower court record that the trial court relied upon the alleged robbery and assault as a reason to depart upward. Thus, the benefit defendant derived from having been acquitted of armed robbery and AWIGBH is that he was not sentenced for those crimes, but the acquittals have little to do with his sentence for felon-in-possession.

Next, defendant argues that the trial court exaggerated the seriousness of defendant's criminal record. Defendant states in his brief on appeal that, "[a]lthough the court deemed [defendant's] record to be 'off the chart,' the felony record consists entirely of drug, weapons, and one fleeing and eluding conviction," and defendant's misdemeanor record consists of petty, nonviolent crimes. Forgetting that defendant was convicted of a weapons offense and that he concedes a history of the same on appeal, the trial court specifically found that defendant's prior

record variable score was "off the chart," and this Court has consistently held that factors not given adequate weight by the guidelines are "relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range." *Dixon-Bey*, 321 Mich App at 525, citing *People v Houston*, 448 Mich 312, 324-325; 532 NW2d 508 (1995), and *Milbourn*, 435 Mich at 660 n 27. Indeed, as defendant concedes on appeal, defendant's prior record variable score exceeded the grid designation of "75+" by 15 points, and accordingly, defendant's argument regarding his prior record is without merit.

Finally, defendant contends that his presentence investigation report (PSIR) does not support the trial court's statement that "defendant engaged in serious jail misconduct while in custody," and thus was not a valid reason to depart from the guidelines. The PSIR contains the following statement:

> While [defendant] has been confined in the Oakland County Jail, he has had several incidents. The defendant has repeatedly been disrespectful to staff and has failed to comply with staff instructions. On 7/30/14, [defendant] was given a Major Rule Violation for Interfering with Head Count and Inspection. On 11/5/14, [] defendant was found in possession of "spud juice" and was given a ticket for Possession of Contraband. On 11/9/14, Jail staff searched [defendant's] cell due to possible involvement in a water fight and found a letter addressed to "Sweetness." In the letter, he was attempting to start a relationship with an employee. [Defendant] was also given a ticket that day for Possession of Contraband due to having a paperclip that was bent as a makeshift handcuff key. On 11/16/14, [Defendant's] cell was searched and excessive amounts of linen, non-commissary food items and a channel changer were found and removed. It was also noted that the defendant's mattress was heavily damaged and a hole was torn in it. [Defendant] was given an infraction for refusing a staff order that compromises safety and/or security. When [Defendant] returned to his cell, he called the deputies "b----es."

Given the statement, it is difficult to disagree with the trial court's assessment of defendant's conduct, and to the extent that defendant's argument is that his misconduct in jail should not have been a factor in the upward departure because it was not blatantly violent, we find the argument is deeply problematic. Notably, at least one of the tickets received by defendant was for a major violation, but more importantly, *any* misbehavior subsequent to arrest is relevant at sentencing because "the guidelines do not account for misconduct in custody." *Houston*, 448 Mich at 323. Because of that fact, "[m]isbehavior after arrest is clearly a legitimate factor to consider at sentencing." *Houston*, 448 Mich at 323 (citations omitted). Accordingly, defendant's argument regarding his conduct in jail is also without merit.

In sum, that defendant was acquitted of armed robbery and AWIGBH under a theory of self-defense is irrelevant to the sentence defendant received for felon-in-possession—a crime for which defendant *was* convicted. Additionally, the trial court was justified in considering defendant's extensive criminal history and misconduct while in custody in making its determination to depart upward from the guidelines, and, in light of both of those factors, defendant's departure sentence was both proportionate and reasonable.

Affirmed.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Amy Ronayne Krause
