# Syllabus

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v RAJPUT

Docket No. 158866. Decided January 24, 2020.

Nadeem Y. Rajput was convicted in the Wayne Circuit Court, Qiana D. Lillard, J., of second-degree murder, MCL 750.317. Defendant was driving his vehicle with another man, known only as Haus, as a passenger. The victim was driving a red Malibu with her boyfriend, Dewayne Clay, as a passenger. When the Malibu approached defendant's vehicle, two individuals in the Malibu fired gunshots at defendant and Haus. No one was injured. Defendant and Haus returned to defendant's house but soon after went in search of the Malibu. When they found the Malibu, the victim was the sole occupant. Defendant and Haus chased the Malibu, eventually trapping it, and then approached the Malibu on foot. An argument ensued, and multiple gunshots were fired, resulting in the victim's death. Defendant was charged with first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant argued that Haus had shot the victim but that Haus had done so in self-defense when the victim reached for a gun in her vehicle. Defendant requested that a self-defense instruction be read to the jury, but the court denied the request, citing *People v Droste*, 160 Mich 66 (1910), for the proposition that a defendant who claims that another person committed the homicide is not entitled to a self-defense instruction. Defendant also tried to admit testimony from Pierre Carr, the brother of Clay, to support his self-defense theory. Carr testified at an investigative-subpoena hearing that Clay had arrived at his house on the day of the shooting and called the victim on the phone as she was being chased. According to Carr, Clay told the victim to "shoot, shoot." The trial court refused to admit the testimony, finding it irrelevant. The jury acquitted defendant of first-degree murder and felony-firearm but convicted defendant of second-degree murder. At sentencing, the court noted defendant's guidelines minimum sentence range of 225 to 375 months' imprisonment but departed upward, sentencing defendant to 46 to 95 years' imprisonment. Defendant appealed. In an unpublished per curiam opinion issued on October 25, 2018 (Docket No. 339117), the Court of Appeals, MURRAY, C.J., and BORRELLO and RONAYNE KRAUSE, JJ., affirmed the trial court's ruling on the self-defense instruction and Carr's testimony. However, the Court of Appeals disagreed with the trial court's reasoning on the self-defense instruction, holding that defendant was not entitled to the instruction because defendant and Haus were the initial aggressors and could have fled. Defendant sought leave to appeal in the Supreme Court.

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

1.  Jury instructions cannot exclude a defendant's theory of self-defense if evidence exists to support it.  In this case, the trial court committed legal error when it denied defendant's requested self-defense instruction on the basis of the proposition that a defendant who claims that another person committed the homicide is not entitled to a self-defense instruction.  The opinion in *Droste* was inapposite because the defendant in that case did not claim that the principal acted in self-defense.  Furthermore, the Court of Appeals engaged in improper fact-finding when it held that defendant and Haus were the initial aggressors and could have fled.  Defendant argued that he did not seek out the victim to harm her but rather to question her regarding the identity of the shooter and the reason for the shooting.  According to defendant, people in a red Malibu had previously shot at a vacant home next to his home.  Additionally, the Court of Appeals failed to identify any evidence supporting its theory that defendant could have fled at the time he and Haus confronted the victim.  Defendant argued that the victim had a gun, and the police did find a gun in the front seat of the victim's car.  Regardless of the merits of this defense, whether defendant and Haus were the initial aggressors or could have fled were issues for the jury to decide because defendant presented sufficient evidence to satisfy his burden of proof on self-defense.  Accordingly, the Court of Appeals erred by affirming the denial of defendant's requested self-defense instruction.

2.  MRE 401 provides that relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  MRE 402 provides that all relevant evidence is generally admissible.  In this case, the Court of Appeals erred by finding Carr's testimony irrelevant.  Carr's testimony was relevant because it addressed a material issue—the issue of self-defense.  In particular, it addressed whether the victim had reached for the gun found in her car as defendant and Haus approached her.  And Carr's testimony had probative value because it had some tendency to make it more likely that the victim reached for a gun when instructed by Clay to "shoot, shoot" and that Haus responded in self-defense.  Finally, because the Court of Appeals made an improper factual finding that defendant and Haus were the initial aggressors and could have fled, it also erred by finding Carr's testimony irrelevant for this reason.

Reversed and remanded to the Court of Appeals.

©2020 State of Michigan

# OPINION

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

FILED  January 24, 2020

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v                                                                       No. 158866

NADEEM YOUSAF RAJPUT,

Defendant-Appellant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

We consider whether defendant, Nadeem Yousaf Rajput, was entitled to his requested self-defense instruction and whether the trial court erred by refusing to admit testimony related to defendant's theory of self-defense.

On May 7, 2016, defendant was driving his vehicle with another man known only as Haus. At the same time, the victim, Lakeisha Henry, was driving a red Malibu with her boyfriend, Dewayne Clay, as a passenger. The Malibu approached defendant's vehicle,

and two individuals in the Malibu fired gunshots at defendant and Haus. No one was injured. Rather than immediately confront the Malibu after it drove off, defendant and Haus first returned to defendant's home. Soon after, however, they left and went in search of the Malibu. By the time they found it, the victim was the sole occupant. Defendant and Haus chased the Malibu, eventually trapping it, and then approached the Malibu on foot. An argument ensued, and multiple gunshots were fired, resulting in the victim's death.

At trial, defendant argued that Haus had shot the victim but that Haus had done so in self-defense when the victim reached for a gun in her vehicle. Defendant requested that a self-defense instruction be read to the jury, but the trial court denied his request, citing *People v Droste*, 160 Mich 66; 125 NW 87 (1910), for the proposition that a defendant who claims that another person committed the homicide is not entitled to a self-defense instruction. Defendant also tried to admit testimony from Pierre Carr, the brother of Clay, to support his self-defense theory. Carr testified at an investigative-subpoena hearing that Clay had arrived at his house on the day of the shooting and called the victim on the phone as she was being chased. According to Carr, Clay told the victim to "shoot, shoot." The trial court refused to admit the testimony, finding it irrelevant. The jury convicted defendant of second-degree murder, MCL 750.317, and the trial court sentenced him to 46 to 95 years in prison.

The Court of Appeals affirmed the trial court's rulings on the self-defense instruction and Carr's testimony. Although it disagreed with the trial court's reasoning, the Court held that defendant was not entitled to a self-defense instruction because he and Haus were the initial aggressors and could have fled. *People v Rajput*, unpublished per

2

curiam opinion of the Court of Appeals, issued October 25, 2018 (Docket No. 339117), p 5. The Court of Appeals also held that Carr's testimony was irrelevant. *Id.* at 5-6.

We reverse the Court of Appeals' holding that defendant was not entitled to his requested self-defense instruction and that Carr's testimony was irrelevant, and we remand this case to the Court of Appeals for further consideration in light of this opinion.

**⁂**

The first issue is whether defendant was entitled to his requested self-defense instruction. "If supported by the evidence, defendant's theory of the case must be given." *People v Hoskins*, 403 Mich 95, 100; 267 NW2d 417 (1978), citing *People v Reed*, 393 Mich 342, 350; 224 NW2d 867 (1975). And "[o]nce a defendant satisfies the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist, the prosecution bears the burden of disproving the affirmative defense of self-defense beyond a reasonable doubt." *People v Dupree*, 486 Mich 693, 712; 788 NW2d 399 (2010). The sufficiency of the evidence of a defendant's self-defense theory is "for the jury to decide under proper instructions . . . ." *Hoskins*, 403 Mich at 100. Those instructions cannot exclude the theory of self-defense "if there is evidence to support [it]." *Reed*, 393 Mich at 350. We review the trial court's determination that the jury instruction was inapplicable for an abuse of discretion. *Dupree*, 486 Mich at 702. "A trial court necessarily abuses its discretion when it makes an error of law." *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013).

We agree with the Court of Appeals that the trial court's reason for denying defendant's requested self-defense instruction was wrong. According to the trial court,

3

defendant's claim that Haus shot the victim precluded an instruction on self-defense. But an aider and abettor is relieved of liability if the principal acted in self-defense. See *People v Pearce*, 369 Mich 692, 695; 120 NW2d 838 (1963). Our opinion in *Droste* is inapposite because in that case the defendant did not claim that the principal acted in self-defense. *Droste*, 160 Mich at 80 (holding that no self-defense instruction was warranted when the defendant claimed that someone else had committed the homicide and the defendant had not requested a self-defense instruction). Therefore, the trial court made a legal error that amounted to an abuse of discretion.

But we also hold that the Court of Appeals engaged in improper fact-finding when it held that defendant and Haus were the initial aggressors and could have fled instead of responding with deadly force when the victim allegedly reached for a weapon. First, "an initial aggressor (i.e., one who is the first to use deadly force against the other) . . . is generally not entitled to use deadly force in self-defense." *People v Riddle*, 467 Mich 116, 120 n 8; 649 NW2d 30 (2002). Though the Court of Appeals determined that defendant was an initial aggressor, defendant argued that he did not seek out the victim to harm her. Instead, he testified that he pursued the victim only to find out who was shooting at him and why. According to defendant, he also wanted to find out who was shooting at him because people in a red Malibu had previously shot at a vacant home next to his home—a story confirmed by his father at trial. Second, "[o]ne who is involved in a physical altercation in which he is a willing participant . . . is *required* to take advantage of any reasonable and safe avenue of retreat before using deadly force against his adversary, should the altercation escalate into a deadly encounter." *Id*. at 120. The Court of Appeals

determined that defendant could have fled at the time he and Haus confronted the victim. But the Court failed to point to any evidence supporting this theory. Defendant, on the other hand, testified that the victim had reached for a gun in the car and that Haus reacted to this in self-defense; the police did find a gun in the front passenger seat of the victim's car, which could lend support to defendant's version of events. Regardless of the merits of this defense, whether defendant and Haus were the initial aggressors or could have fled were issues "for the jury to decide" because defendant presented sufficient evidence to satisfy his burden of proof on self-defense. *Hoskins*, 403 Mich at 100. Therefore, the Court of Appeals erred by affirming the denial of defendant's requested self-defense instruction.



The second issue is whether Carr's testimony was relevant to defendant's theory of self-defense. Under MRE 401, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" is relevant. Accordingly, evidence is relevant if it is material and has probative value. See *People v Crawford*, 458 Mich 376, 388; 582 NW2d 785 (1998). "Materiality is the requirement that the proffered evidence be related to 'any fact that is of consequence' to the action." *Id.*, quoting MRE 401. And evidence has probative value when it "tends 'to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.' " *Crawford*, 458 Mich at 389-390, quoting MRE 401. This "threshold is minimal: 'any' tendency is sufficient probative force." *Crawford*, 458 Mich at 390, quoting MRE 401. Finally, all relevant

evidence is generally admissible. MRE 402. We review evidentiary decisions under MRE 401 for an abuse of discretion. See *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017).

The Court of Appeals affirmed the trial court, finding the evidence irrelevant.[1] It found that "even if Clay told [the victim] to shoot at defendant, that does not make it any more or less likely that [the victim] actually shot at defendant." *Rajput*, unpub op at 6. The Court also found Carr's testimony irrelevant "because defendant and Haus were the initial aggressors in pursuing [the victim]" and, as a result, "defendant was not justified in responding with deadly force even if we assume that [the victim] actually fired a gun at defendant at some point during the incident." *Id*. We disagree with the Court of Appeals' conclusion. Carr's testimony was relevant because it addressed a material issue—the issue of self-defense. In particular, it addressed whether the victim had reached for the gun found in her car as defendant and Haus approached her. And Carr's testimony has probative value because it has some tendency—however minimal—to make it more likely that the victim reached for a gun when instructed by Clay to "shoot, shoot" and that Haus responded in self-defense. Finally, as discussed earlier, because the Court of Appeals made an improper factual finding that defendant and Haus were initial aggressors and could have fled—and thus were not entitled to a self-defense instruction—it also erred by finding Carr's testimony irrelevant for this reason.

---

[1] The Court of Appeals suggested that Carr's testimony was inadmissible hearsay but then decided the case on relevance grounds instead of hearsay. *Rajput*, unpub op at 5-6. Because the Court of Appeals has yet to decide this issue, we do not address it here.

＊＊

We reverse the Court of Appeals' holdings that defendant was not entitled to his requested self-defense instruction and that Carr's testimony was irrelevant. We remand this case to the Court of Appeals to address whether the trial court's erroneous denial of defendant's requested self-defense instruction was harmless or whether "it is more probable than not that the error was outcome determinative." See *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999). The Court of Appeals shall also address whether Carr's investigative-subpoena testimony was admissible under MRE 804(b)(1) and whether Clay's statement to the victim was admissible either as an excited utterance under MRE 803(2) or because it was not hearsay under MRE 801(c). If the panel concludes that the evidence was admissible, it shall consider whether exclusion of Carr's testimony was harmless or whether it is more probable than not that the error was outcome-determinative. See *Lukity*, 460 Mich at 496.

Finally, although he was charged with first-degree murder, the jury acquitted defendant of that charge. At sentencing, the trial court noted defendant's guidelines minimum sentence range of 225 to 375 months but departed upward. In doing so, the trial court remarked that defendant appeared to be guilty of first-degree murder, not second, and suggested that the jury verdict might have been a compromise. If the Court of Appeals affirms defendant's conviction, it shall reconsider the trial court's sentence in light of *People v Beck*, 504 Mich ___, ___; ___ NW2d ___ (2019) (Docket No. 152934); slip op

7

at 2 ("Once acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime.").[2]

We do not retain jurisdiction.

Bridget M. McCormack
Stephen J. Markman
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

---

[2] Because defendant's sentence must first be reconsidered in light of *Beck*, we decline to address defendant's argument that his sentence is unreasonable or disproportionate.

8